EASTERN DIS.
*June*, 1841.

BOWMAN,
*vs.*
WARE.

═══════════

### BOWMAN *vs.* WARE.*

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In a redhibitory action for the rescission of the sale and refunding the price, an *offer* to return the slaves, is sufficient if it be rejected; as there is then no necessity of making an actual tender.

Where a bill of exceptions taken to the charge of the judge to the jury, does not state any specific proposition on which the charge was predicated and objected to, this court will assume that the judge *a quo* did his duty.

This is a redhibitory action to rescind the sale of a negro woman and her two small children on the ground of redhibitory defects and diseases in the woman, and to recover back the price paid. The plaintiff, Mrs. Bowman, alleges she purchased said slaves for the price of $1800, shortly after they had been brought from Mississippi by the defendant, and she has

---

* JUDGE GARLAND did not join in this opinion, being related to the original owner of the slaves.

discovered that the woman is afflicted with chronic rheumatism in the ancles and wrists to such a degree as to render her perfectly useless; and especially so inconvenient and worthless that had she known it, she would not have purchased. She alleges she has tendered said slaves back again to said Ware on condition of refunding the price, and is now ready to deliver them up, but that he refuses to comply with her request. She prays that said sale be rescinded, the price refunded, and the defendant decreed to pay damages.

The defendant pleaded the general issue.

The cause was submitted to a jury on a mass of evidence taken in relation to the existence of the redhibitory defects alleged.

There was also evidence of an *offer* made by the plaintiff through an agent to the defendant to take back the slaves in question and refund the price, which he declined; observing that he was acting for the original owner who resided in Mississippi.

There was a verdict and judgment rescinding the sale, and for the return of the price paid for said slaves, and the defendant appealed.

*Potts*, for the plaintiff urged the affirmance of the judgment.

*C. M. Jones*, for the defendant, contended that the plaintiff could not recover, because there was not such a tender of the slaves made in writing with notice, as is required by law, which is a condition precedent in an action for the rescission of a sale. Janin vs. Franklin, 4 La. Rep., 198; Pothier on Ob., part 3, ch. 1, art. 8, *de la consignation, &c.; C. Pr., arts.* 404 *to* 418.

2. The judge *a quo* erred in refusing to instruct the jury on the subject of *a tender* in such cases as this, and in acting as he did.

3. The verdict of the jury is not supported by the evidence,

and is not entitled to much weight in this case, as nearly all the evidence was taken by written depositions.

EASTERN Dis.
June, 1841.

BOWMAN,
vs.
WARD.

*Martin, J.* delivered the opinion of the court.

The defendant is appellant from a judgment in a redhibitory action, setting aside the sale of a female slave and her two children.

The defence in this court, relates to the want of a *tender* of the slaves. The petitioner alleges that she tendered said slaves back to the defendant on condition of refunding the price, and is now ready to deliver them back on the terms aforesaid. This is certainly a sufficient allegation. A witness has sworn that at the request of the plaintiff he called on the defendant and stated to him the defects in the slave, of which she complained; and further stated to him that she would not keep the slaves, but insisted on returning them and rescinding the contract. The defendant said he could not do this, as he was acting for a person in Mississippi; but that he would give other slaves in exchange at certain prices, which the plaintiff declined.

At the trial the plaintiff's counsel entered on the minutes of the court and prayed that it be made a matter of record, that "he then tendered *a re-conveyance* of the slaves in question, together with an offer to pay all costs up to that time." This was refused by the defendant's counsel, as it should have been made before the institution of the suit.

We are of opinion that the testimony fully establishes the allegations of the petition, so far as it became necessary to support a redhibitory action. In the case of Janin vs. Franklin, 4 La. Reports, 198, the judge who was then the organ of this court, said, that "until the vendee *offers* to return the slave, he cannot have an action for the price." When the vendor *rejects* the *offer*, there is no necessity of bringing the slave, and making an actual tender to him. This would be always useless, and very often extremely inconvenient. The vendor and vendee of the slave may be at a great distance from

In a redhibitory action for the rescission of the sale and refunding the price, an *offer* to return the slaves, is sufficient if it be rejected; as there is then no necessity of making an actual tender.

EASTERN DIS.
*June*, 1841.

BOWMAN,
*vs.*
WARE.

each other. The former cannot say that no opportunity has been afforded to him to accept what he had declared his unwillingness or inability to receive. In the present case the vendor declared that he was acting for a person who resided in another State; that he had other slaves which he would give in exchange at a certain price; but that he should not rescind the contract. On this, it appears to us, the plaintiff might well institute her action.

When the case came on for trial, the plaintiff's counsel *ex abundanti cautelâ*, made what is called *a tender* to the adverse counsel, which he refused. It does not appear necessary to express any opinion on this matter.

Where a bill of exceptions taken to the charge of the judge to the jury, does not state any specific proposition on which the charge was predicated and objected to, this court will assume that the judge *a quo* did his duty.

Our attention has been called to a bill of exceptions taken by the defendant's counsel to the refusal of the District Judge to instruct the jury, or give certain charges in relation to the question before them. As the bill of exceptions does not state any specific proposition, on which the instructions or charges required, were predicated, we are unable to test the correctness of the decision of the judge *a quo* in refusing them. We must therefore assume that he did his duty.

On the merits, the case was tried by a jury; and their verdict is clearly supported by the evidence before them and ought not to be disturbed.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.