Armstrong *v.* Mooney.

---

## WILLIAM ARMSTRONG *v.* JAMES MOONEY.

In a redhibitory action for the rescission of the sale of a slave, an offer to return the slave is sufficient, if rejected, without an actual tender.

ACTION before the Parish Court of New Orleans, *Maurian, J.* The plaintiff prayed for the rescission of the sale of a slave, and for the repayment, with interest, of six hundred dollars, the price which he had paid the defendant, and for one hundred dollars damages. The defendant pleaded a general denial, and the want of tender. The vendor warranted the slave, ' free from the vices and maladies prescribed by law.'

On the trial, Lambert, a physician, testified that the slave had been afflicted with a chronic inflammation of the neck of the uterus, which appeared to have existed four or five months; and that the treatment of this disease requires complete repose, in most cases for a year; that the disease, if properly managed may generally be cured, but that it sometimes resists the most skillful practice, and terminates fatally. That during the treatment, the slave would be incapable of rendering the least service to her master, as it would be necessary that she should remain the whole time on her back. That the slave in question might be put to work, but that any thing of the sort would increase her complaint. He further testified that the cure of this disease was very difficult in

slaves, owing to their neglect or inability to submit to the ne⁴
cessary treatment. Out of a great number whom he had visited,
he knew of but one case of cure well established. He stated that
the expense of the cure would be from one hundred and fifty to
two hundred dollars; and considered that the disease diminished
her value at least one third. Moreau, a midwife, confirmed the
testimony of Lambert. Monsceaux, proved that the slave was
diseased before the sale by the defendant. The testimony of
Preaux is stated substantially in the opinion of the court. The
bill of sale from Mooney to the plaintiff was produced on the trial.

The court below decided. that the facts presented a proper case
for the exercise of the discretion vested in the judge, in redhibitory
actions, by art. 2521 of the Civil Code, to decree only a reduction
of the price; and that the value of the slave was proved to be
diminished one third, by the disease with which she was afflicted.
He accordingly gave a judgment in favor of the plaintiff, for two
hundred dollars, as one third of her value.

*Preaux*, for the plaintiff.

*Roselius*, for the defendant and appellant.

MARTIN, J. The defendant is appellant from a judgment in a
redhibitory action, and has built his hope of relief at our hands,
on an allegation of the absence of any proof of the tender of the
slave before the action was brought. The record shows that
Preaux deposed, that when the plaintiff came to his office to in-
stitute this suit, he instructed him to make a tender of the slave to
the defendant; that afterwards, they met the defendant and made
him a tender of the slave, which he refused to take back, saying,
sue me if you think yourself right.

This case is not to be distinguished from that of *Bowman* v.
*Ware*, 18 La. 597, in which we held that, "in a redhibitory action
for the rescission of the sale and refunding the price, an offer to
return the slaves is sufficient if it be rejected, as there is then no
necessity of making an actual tender."

                                        *Judgment affirmed.*