WEDNESDAY, FEBRUARY 4.

## FERDINAND J. McCANN, Respondent v. GEORGE H. BEACH, Appellant.

The best evidence the nature of the case is susceptible of must be adduced.

Proof of the loss of an instrument may be by the party's own affidavit to lay the foundation for proving the contents. But the affidavit of a third person that a trunk of the party containing his papers is lost, is insufficient, without showing that it contained the paper in question. But this the party may show by his own oath.   Taking testimony by depositions is in derogation of the common law; and must not only be done before the proper officer, but every requirement of law must be complied with.   Depositions may be taken by notaries public, but only when the witness resides out of the county where the suit is pending, and a commission is regularly sued out and directed to the notary.

The deposition of a witness residing in the county where the suit is pending, can be taken only by a commissioner for such county.

Affidavits of the loss of an instrument, &c., to be used in court, may be taken *ex parte*, without notice.

APPEAL from the District Court of the 8th Judicial District for the County of Yuba.

On the 5th of August, 1850, McCann filed his complaint against Beach, stating that about the 1st of April, 1850, the parties made a written contract, under seal, by which it was mutually agreed that the plaintiff should go ·to the town of Plumas, in the county of Yuba, and there hold himself in readiness to be elected "chief magistrate of said town, provided the shareholders" thereof should think proper to make him such chief magistrate; in which event the plaintiff was to continue to occupy said office, and discharge the duties appertaining thereto, and do whatever else would, in his judgment, forward the interest and prosperity of said town: and "in consideration of these promises," the defendant, on his part, bound himself to pay the plaintiff the amount of his reasonable board and lodging; and in the event that the fees or perquisites of said office would not amount to a sum equal to his reasonable board and lodging, and $250 per month over and above the same, then that said Beach would make good and pay to him whatever deficiency.   The

plaintiff then avers that "he was selected chief magistrate of said town, and has well and truly performed all and singular the stipulations and contracts on his part to be performed: that the perquisites or fees of said office have failed to produce said amount of $250 per month over and above board and lodging: and that said Beach, though often requested to pay said deficiency, and otherwise fulfil his contract, has refused, and still continues to refuse payment of said moneys, and also to perform any part of said contract to the damage of your petitioner $1080. The complaint also averred that the original contract was burned with the plaintiff's other papers by the late fire in San Francisco; and prayed that the defendant be required to produce the copy thereof, &c.

The defendant demurred to the complaint, on the grounds that the Legislature having abolished the former system of laws, and provided for the election of magistrates on the 1st of April, 1850, there could be no such office as alcade or chief magistrate, and that the contract was therefore void: and also that the contract was against public policy, &c. The demurrer was overruled: and the defendant answered, first, admitting a contract similar to the one set out, but attempting to qualify it so as to correspond with sundry negotiations on which it was founded; and denying that the defendant had a copy: second, denying generally the allegations of the complaint.

The defendant moved to suppress the deposition of one Farley, taken before a notary public of the county of Yuba, on the ground that notaries are not authorized to take depositions, but the motion was overruled.

On the trial, the plaintiff offered in evidence the affidavit of one Lauer, made before a notary public in San Francisco, deposing that a trunk of the plaintiff containing his clothes and papers, was destroyed by the fire in San Francisco, in June, 1850. The defendant objected that the affidavit was taken without notice, but the court admitted it to be read.

The defendant then objected to parol evidence of the contract sued on, on the ground that Lauer's affidavit was not sufficient proof of the loss of the original; but the objection was overruled, and the contract was proved by Farley's deposition.

The defendant then offered to prove that judicial officers had

been elected in the county of Yuba, in accordance with the statute, at the date of the contract; to which the plaintiff objected; and the evidence was excluded.   After the testimony had closed, and the plaintiff had made his opening argument, the defendant, in addressing the jury, attacked the credibility of Farley's deposition on the ground of inconsistency, &c.; whereupon the plaintiff was permitted, against the defendant's objections, to call a witness to prove Farley's good character. The defendant asked the Court to instruct the jury, that if an election was ordered by the proper authority, and the proper officers were elected in Yuba county, on the 1st of April, 1850, before the contract was made, then the contract was void. Also, that if the defendant agreed to pay the plaintiff a certain amount of fees in a public office, or insure him any amount over and above the stated fees of office, the contract was against public policy, and the jury must find for the defendant. The Court refused the instructions: and at the plaintiff's request, instructed the jury that the contract was legal, and if the plaintiff had performed it on his part the jury would find for the plaintiff. The defendant excepted to the several rulings of the Court. The jury found a verdict for the plaintiff for $1080; on which judgment was rendered.

*A. Merrill* for the appellant, made the following points. 1st. The notary had no power to take depositions. Griffith *v.* Black, 10 S. & R. 160; 1 Phil. Ev. 382, and note, 704; Stats. 1850, p. 114, 449, (sects. 4, &c., 231–3, 239, 245;) New Pract. Act, sec. 429. 2d. Farley being a resident of the county, his deposition was inadmissible without proof of his absence, sickness, &c. Old Pract. Act, sec. 236. 3d. The deposition (affidavit) of Lauer was inadmissible, because taken *ex parte.* Bell *v.* Morrison, 1 Pet. 355; Stats. 1850, p. 449, 450. 4th. Parol evidence of the contract was inadmissible without proof of its loss. 1 Greenl. Ev. 664–5. 5th. Evidence of the election of officers in April, 1850, should have been admitted. Stats. 1850, p. 62, 93, 81, 342. 6th. The evidence of Farley's good character was inadmissible. 1 Greenl. Ev. 409. 7th. The contract was illegal and void. 8 Bac. Abr. 320; 5 Com. Dig. 152; 1 H. Bl. 329–30; 2 Kent, 466–7; 1 Story's Eq. sec. 297–8; Chit. Cont. 57–8, 658;

Springfield Bank *v.* Merrick, 14 Mass. 322; Inh. of Worcester *v.* Eaton, 11 Mass. 276–8.

*W. Walker*, for the respondent. 1st. The contract was not for a *public* office; but an agreement to do certain acts for the proprietors of the town for a certain consideration. 2d. The affidavit of the loss of the contract was sufficient. Taylor *v.* Riggs, 1 Pet. 596; Jackson d. Livingston *v.* Neely, 10 Johns. 374. 3d. Notaries may take depositions. Stats. 1850, p. 114; Old Pract. Act, sec. 239. 4th. As the defendant's counsel did not attack Farley's character by evidence, but only in argument, the witness to his character was properly admitted after argument. Old Pract. Act, sec. 71.

Justice MURRAY delivered the opinion of the Court, (C. J. LYONS absent.) This was an action brought by McCann, the plaintiff in the Court below, against Beach, the defendant, upon a written contract executed by the plaintiff and defendant. The plaintiff gave notice in his declaration of the loss of the contract by fire, and that he should prove the contents by parol evidence. The defendant demurred to the complaint, and other proceedings were had which it is not the purpose of the Court here to advert to.

Upon the trial of the cause in the Court below, the plaintiff introduced in evidence the following affidavit: "State of California, County of San Francisco. This 24th of September, 1850, personally appeared before me, Wm. Rabe, notary public, appointed and sworn to act for said county, John E. Lauer, personally known to me, who declares that the fire which, on the 14th of June, 1850, destroyed the store of Dr. Wm. Rabe, with its contents, also consumed a large leather trunk of Ferdinand McCann, stored in said store at said time, containing McCann's clothes and papers. Sworn, &c." The defendant objected to the affidavit of Lauer for want of notice. The plaintiff then introduced the deposition of one Farley, taken before James Cushing, a notary public of Yuba County, for the purpose of proving the contents of the written agreement declared on. The defendant objected to its admissibility on the ground that a notary public had no authority to take depositions within the county where they were intended to be used; and that the plaintiff had not

sufficiently established the loss of the written contract to be allowed to prove its contents by secondary evidence.

The objection to Lauer's deposition, for want of notice, is not entitled to much consideration. These affidavits are generally *ex parte;* and are not required to be made in court, nor subject to the same rules as ordinary depositions.

The first inquiry for the Court, is as to the power of notaries to take depositions to be used in actions pending in their own counties. The 4th section of the Act concerning Notaries Public, passed March 27th, 1850, gives to notaries power "to demand acceptance and payment of foreign bills, &c.; and to exercise such other powers and duties as by the laws of nations, and according to commercial usages, or by the laws of any other state, government, or county, may be performed by notaries public." This section is too general and indefinite in its phraseology, to warrant the Court in inferring that the power of taking depositions is conferred by it; and it may well be a matter of doubt as to the exact meaning, the legislature intended to convey. Section 6th of the same Act, gives to notaries power "to take and certify acknowledgments, &c.; to take depositions, and to administer oaths or affirmations, in all matters incident to the duties of their office." It was contended by counsel, on the argument of this case, that by said section, the power to take depositions is restricted to matters incident to the duties of the office, and is not a general power to take depositions. I do not think the construction a proper one. The legislature intended to grant the general power of taking depositions, by this section; and this construction is borne out by the 239th section of the Practice Act, which provides that "commissions for taking depositions, shall be directed generally to the county Judge, to any Commissioner, Notary Public, or other officer competent by law to take the answers of witnesses to interrogatories."

Although the general power of notaries to take depositions, is given by the 6th section of the Act concerning Notaries, the exercise of this power has been limited, and the manner provided, in the 19th chapter of the old Practice Act. By that Act, provision is made for three Commissioners to be appointed in each county, who shall have power to summon witnesses, to enforce their attendance by attachment, and take depositions in

suits pending in their respective counties, to be used in said suits, when the witness is a female, or is without the county, &c. There is no authority given by this chapter to notaries to take depositions in such cases; and the only instance provided by statute, is where the witness resides in another county, and a commission is regularly sued out, and directed to the notary. The mode of taking testimony by deposition, is in derogation of the common law; and it is necessary, in order to render them admissible, not only that they should be taken before the proper officer, but that every requirement of the law should be complied with. The appointment of commissioners was designed for the convenience of courts; and the legislature doubtless intended to confine the power of taking depositions in suits pending in their own counties, exclusively to them. They may be supposed to be appointed by the Court, on account of their peculiar knowledge and qualifications for such duties; in consideration of which, the law has given them plenary power to compel the attendance of witnesses by attachment. While, on the other hand, the exercise of such power by notaries, who are appointed, not on account of their legal acquirements, but to facilitate commercial transactions, would lead to much confusion.

Again, it is contended by the appellant, that the evidence of the loss of the written contract was not sufficient, and that the Court erred in admitting evidence of its contents. It is a well settled rule, that the best evidence of which the case is susceptible must be produced; and the failure to supply such evidence, unless accounted for, raises the presumption that there is something behind which the party is unwilling to disclose. The peculiar hardships of cases like the present, has given rise to a departure from the rule, that no one can be allowed to testify in his own case. Written contracts are generally kept by the parties themselves; and it would be impossible, from the very nature of the case, for them to prove their loss by disinterested witnesses; and to require such proof would, in many cases, amount to a denial of justice. For these reasons, the party is allowed to establish the loss either by his own, or the oath of another. In the case of Jackson d. Livingston v. Neely, 10 Johns., the Court held that proof of the loss by fire of a trunk in the possession of the widow, containing the papers of the ancestor, was suffi-

cient to admit parol evidence of the contents of a paper, although there was no evidence that such paper was in the trunk.   This case goes farther than any other case which I have been able to find, and seems, at first, to be scarcely reconcileable to the plain rule on this subject; but there is a wide difference between this case, and the one under consideration.   The paper could not be found; the widow had been in the habit of taking papers out of the trunk relating to her husband's business, and giving them to his executors; it was fair to presume that the trunk was the general depository for all his papers; and the husband, to whom alone the fact had been known, was dead, (and therefore unable to testify;) and this testimony was all that the party could procure.   In the case before us, the witness does not testify that the contract declared on, was in the trunk said to have been burned. This fact must have been within the knowledge of some one. Either the plaintiff, or some agent, must have deposited it there. Before proof of its contents was admitted, upon so loose an affidavit of its loss, it should at least have been shown that no evidence of the trunk containing this paper could be procured, in consequence of the death or disability of the party supposed to be conversant with the fact.   The affidavit of the plaintiff, whom the record shows to have appeared *in propria persona* upon the trial, would doubtless have been sufficient to lay the foundation for parol evidence.   As it was, the admission of secondary evidence was improper.

There are many other errors assigned, which it is not necessary to pass upon.

Judgment reversed, and a new trial ordered.