## WILLIAMS *v.* CHADBOURNE.

It is no ground for the exclusion of a deposition, that it was noticed to be taken before the County Judge, but was taken before the County Clerk.

Notice of time and place having been given, it is a matter of small importance who took the deposition, particularly in view of the inconvenience and delay which would result from a different rule.

A certificate to a deposition must state that the deposition was read to the witness before signing; it must set forth an actual compliance with all the requirements of the statute.

The admission of hearsay testimony to a fact admitted by both parties, is not error.

In an action of *assumpsit* for goods sold and delivered, the plaintiff cannot recover for goods alleged to have been delivered to a third party and charged to defendant's account.

If the parties were tenants in common, and the defendant sold the chattels held in common, and appropriated the proceeds to his own use, the remedy of the plaintiff is in trover, or by an action for money, had and received; and an action for goods, wares and merchandise, sold and delivered, will not entitle him to a judgment.

APPEAL from the District Court of the Fifteenth Judicial District, County of Trinity.

The plaintiff brought his action in *assumpsit* for $1462 15, for goods, wares and merchandise, sold and delivered, and for moneys lent and advanced to defendant.

The defendant denied the indebtedness, and averred that plaintiff was indebted to him in the sum of $3000, for various services, and the one-half of certain property owned by the parties in common. The evidence shows that the parties contracted together to erect a saw mill,

the plaintiff to furnish the money, and the defendant to furnish his services in building it.

Both parties furnished, on notice of each other, bills of particulars of their several demands.   In the plaintiff's account, besides an amount set forth as advanced to defendant, there is a charge of $150, "paid Chase for Chadbourne in mule." Chase was a witness, and testified that he had been employed by defendant in building the mill, and had received of him, in part payment, a mule, at $150.

Another item in plaintiff's account is for one-half of a bill of lumber, sold by defendant, after deducting the charge for running the mill.

The offset of the defendant is for various services—legal, among others—and for labor and expenditures in the erection of the mill.

On the trial, the plaintiff offered a deposition taken on due notice, but it appeared that the notice was that it would be taken before the County Judge of Siskiyou county, while in fact it was taken before the County Clerk. The certificate, moreover, did not set forth that the deposition had been read to the witness before signing it. On these grounds defendant objected to its introduction, which objection was sustained by the Court, the plaintiff excepting.

A witness was introduced to prove the value of a lot of hay sold by plaintiff on joint account, one-half of which is credited to defendant in plaintiff's account. The Court below allowed the witness to answer as to the admission of Moses Chadbourne, the defendant's brother, when witness sold him the hay, "that the hay was bought for the mill," on the ground that it was part of the transaction, and that there was no dispute as to that point.

The first instruction given by the Court, on the request of defendant, was "that the plaintiff cannot recover the value of the mule and lumber charged in his account, under his complaint for goods, wares and merchandise sold and delivered to the defendant, without proving a sale of the mule and lumber by plaintiff to defendant."

The second instruction was "that one tenant in common cannot sue his co-tenant, in this form of action, for an undivided share of the joint property belonging to them as tenants in common."

The third was, "that to entitle the plaintiff to recover in this form of action for the lumber mentioned in his account, he must prove to the satisfaction of the jury that the lumber was his individual property, and that the defendant had purchased the lumber from plaintiff, or taken and used it," which instructions, as well as the other rulings of the Court, were duly excepted to by plaintiff.

The jury found a verdict for defendant for $741 85. Judgment accordingly. Plaintiff appealed.

*Robinson, Beatty and Botts* for Appellant.

*First.* The Court erred in excluding the deposition on the ground that it was taken before the Clerk, and not the County Judge.

*Second.* The Court erred in receiving the declaration of Moses Chadbourne as a part of the *res gestae.* He was a competent witness. He

was neither a party nor the agent of a party to this suit, so far as the evidence shows.

*Third.* The Court erred in instructing the jury in the first instruction, because it is so worded as to mislead and confuse the jury.

*Fourth.* The Court erred in instructing the jury as follows : " That one tenant in common cannot sue his co-tenant, in this form of action, for an undivided share of the joint property belonging to them as tenants in common.    See 2 Kent, p. 418, 419, 8th edition ; 3 Johnson Rep., p. 175; 7 Wendell's Rep., p. 354 ; 1 Chitty, p. 29 and 95, note 4.

*Stephen J. Field* for Respondent.

The objections to the introduction of the deposition were well taken, and the deposition properly excluded.    Prac. Act, §§ 429, 430 ; Dey *v.* Bailey, 2 Cal., 383 ; Jackson *v.* Hobby, 20 Johns., 361.    As to the other exceptions, it is impossible to discover their materiality from anything contained in the record.

Mr. Chief Justice MURRAY delivered the opinion of the Court.    Mr. Justice TERRY concurred.

The first error relied on by the appellant is the exclusion of the deposition of E. H. Stone.    Its introduction was objected to on two grounds, first, that it was taken before the County Clerk, and not the County Judge, as specified in the notice to the defendant; and, second, that it was not certified by the Clerk that said deposition had been read to the witness before signing thereof.

The first objection, we think, untenable.    The statute does not require that the notice should specify the officer before whom the deposition is to be taken, and public convenience would seem to demand that in the sickness or absence of the officer designated, any other empowered by law might be substituted.    Notice of the time and place having been given, it would certainly be a matter of small importance who should take the deposition, particularly in view of the inconvenience and delay which would result from a different rule.

On the second point of objection, we are satisfied that the deposition was properly excluded ; the certificate was insufficient.    It should have set out an actual compliance with all the requirements of the statute.

The second error assigned is the admissions of Moses Chadbourne in evidence.    This does not appear to be error, as it was admitted by both parties that the hay in question was the same that was sold to Greathouse, and that the plaintiff was entitled to a credit for one-half of it.

The third error assigned is the instructions given by the Court.·    The first was correct ; first, because there was no evidence of a sale of the mule by the plaintiff to the defendant ; and, second, because there is no count in the plaintiff's declaration for money had and received.

The second and third instructions were correct.    If the parties were tenants in common, and the defendant had sold the chattels or appropriated them to his own use, the remedy of the plaintiff was in trover, or by an action for money had and received, instead of which the de-

claration is for goods, wares and merchandise, sold and delivered, and will not support a judgment on the evidence.

Judgment affirmed.