[No. 9656. In Bank.—February 25, 1886.]

M. A. LUCAS, APPELLANT, v. THOMAS RICHARD-SON, RESPONDENT.

APPEAL—EVIDENCE—REJECTION OF—EXCEPTION.—An objection to the exclusion of evidence will not be considered on appeal, unless the ruling of the court is excepted to at the trial.

PRACTICE—DEPOSITION—NOTICE OF TAKING—SPECIFICATION OF PLACE.— A notice of the taking of a deposition in the city of San Francisco, which did not specify any place in the city where it would be taken, held, insufficient.

EJECTMENT—STATUTE OF LIMITATIONS—EVIDENCE.—Under a plea of the statute of limitations in an action of ejectment, it is competent to show the use the defendant made of the land, that he leased the same to a tenant, and that by his directions it was kept clear of stock belonging to other people.

ID.—JUDGMENT ROLL—ACTION AGAINST TENANT.—On the trial, the defendant offered in evidence the judgment roll in an action of unlawful detainer, brought by the plaintiff against a person in possession of the land, in which the court found that the latter was in possession as the tenant of the defendant, and not as the tenant of the plaintiff. Held, that the evidence was admissible.

FINDINGS—IMMATERIAL ERROR.—Where the ultimate facts in issue are found by the court, a contradictory finding as to a probative fact involved therein has no effect.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order refusing a new trial.

The facts are stated in the head-notes and opinion.

*George A. Whitby,* and *Wright & Hazen,* for Appellant.

*J. B. Hall,* for Respondent.

SEARLS, C.—This is an action of ejectment by plaintiff as the heir and devisee of George C. Lucas to recover 160 acres of land situate in the county of Stanislaus.

. Defendant denies plaintiff's title, avers title in himself, interposes the plea of the statute of limitations, and as a further and equitable defense, sets out in apt language a verbal contract made in 1870 between himself and plaintiff's predecessor, George C. Lucas, by the terms of which defendant agreed to purchase upon certain terms —since that date fully complied with by him—the demanded premises.

The cause was tried by the court, and defendant had judgment.

The findings were against defendant upon the plea of the statute of limitations.

The only additional facts necessary to be stated are, that the legal title to the *locus in quo* vested in plaintiff as the heir and devisee of George C. Lucas, and that under his contract of sale with said Lucas, defendant acquired an equitable title, which, for this decision, we shall assume was, if it still remains in him, or may be set up in this action, sufficient to bar plaintiff's right of recovery.

At the trial plaintiff offered to prove that subsequent to the acquisition by defendant of the equitable title, he instituted proceedings in bankruptcy, in the District Court of the United States for the district of California, in which proceedings an assignment in due form and sufficient in law to pass all the estate of said defendant to A. W. Moulton, the assignee therein named, was duly executed. Also a final discharge in bankruptcy of said defendant in said cause, duly made and entered therein.

The papers in bankruptcy were and each of them was duly certified and authenticated so as to entitle them to be admitted in evidence, if they were material and proper testimony in the cause.

To the introduction of this documentary evidence, coun-

sel for defendant objected, upon the ground "that it is irrelevant and immaterial."

The objection was sustained by the court.

We find no exception to this ruling, and are not therefore called upon to consider the question presented.

The evidence was sufficient to warrant the findings of the court, and we are of opinion they cover all the material issues, and show such an equitable title in the defendant, under an executed verbal contract for the purchase of the premises, accompanied by possession, as warranted the judgment in his favor.

The deposition of B. F. Marckley, offered by plaintiff, was properly excluded.

The method of taking testimony by deposition is statutory, and all the essential requirements of the statute must be complied with. Among these requirements is a notice of the *time and place* of taking the deposition. (*Williams* v. *Chadbourne*, 6 Cal. 559.)

It appears that the action was pending at Modesto in Stanislaus County, and was set for trial on the twenty-second day of May; that defendant's attorney resided in Stockton; that on the 14th of May defendant's attorney received a written notice that the deposition in question would be taken on the twenty-first day of May, between the hours of ten o'clock A. M. and five o'clock P. M., before Lee D. Craig, a notary public in San Francisco; but the office or place of business of the said notary was not given; that to have reached Modesto at ten A. M. of the 22d, a passenger would have been compelled to leave San Francisco by train as early as four P. M. of the 21st.

Defendant was not represented at the taking of the deposition, the time for giving notice of the taking of which had been shortened by an order of the judge.

In view of the fact that the notice of taking the deposition was short, and that it was to be taken in a city like San Francisco, the notice should have apprised the attorney for defendant of the office or place of business of

the notary, and not having done so, and no one having been present on behalf of defendant, the court was authorized, under section 2033 of the Code of Civil Procedure, to exclude the deposition.

It may be difficult to formulate a general rule in reference to the particularity as to *place* required in notices of this character.

Under section 2033, *supra*, something is left to the discretion of the court in excluding depositions, upon proof that sufficient notice was not given, or that "the taking was not in all respects fair."

It would seem, however, that where depositions are to be taken in incorporated cities having a population of fifty thousand inhabitants or over, in which the streets are named and numbered, the office or place of business of an officer before whom a deposition is to be taken should be specified by reference to the street and number, or by such other designation as will make the place easy of ascertainment.

The exceptions taken to the rulings of the court in permitting plaintiff's counsel to ask the witness John Richardson, on cross-examination, what use the defendant made of the land in dispute, and in permitting him to testify that he was instructed by defendant to keep stock of other people off the land, and that he did so, cannot be sustained.

The testimony was proper in support of the possession which defendant had set up in himself, and tended to support his plea of the statute of limitations.

The same considerations apply to the objection made and exception taken to the testimony showing a lease of the premises by defendant to Robert Young. If Young took a lease of the land in question from the defendant, and entered and held under such lease, his possession was that of his landlord, and was proper to be shown.

So, too, the judgment roll in *Lucas* v. *Young* was admissible to show that the latter was in possession of the

land, not as the tenant of the plaintiff, but under and by virtue of a lease from the defendant Richardson, thus going to sustain the allegation of the defendant's answer as to his possession of the premises.

We think the evidence was sufficient to sustain the eighth finding of the court, which was to the effect that defendant paid all the taxes levied and assessed upon the land in suit from and including the year 1874–75 to the present time, except for the fiscal year 1880–81, the taxes for which year were paid by plaintiff.

The contention of appellant is, that for two years Moulton paid the taxes, and that for a third year the property was assessed to unknown owners, and it cannot be determined who paid the tax.

The whole evidence in relation to the payment of taxes was introduced in support of the plea of the statute of limitations.

By section 325 of the Code of Civil Procedure, payment of all taxes levied upon the premises is an essential requisite in support of the bar of the statute of limitations.

In the present case, the court found that defendant did not pay the taxes for the year 1880–81, and found against defendant upon his plea of the statute. The ultimate fact being found in plaintiff's favor, it cannot matter to him whether certain probative facts bearing upon the same issue were found for or against him.

We have said the findings are supported by the evidence, and it seems hardly necessary to quote from the testimony to show that the second, fourth, sixth, seventh, and eleventh findings are so supported.

A perusal of the testimony convinces us not only that there was evidence to warrant the findings, but that as to most of them there was little or no conflict.

We are of opinion the judgment and order appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.