(February 14, 1887.)

# DARBY v. HEAGERTY ET AL.

[13 Pac. 85.]

PRACTICE—RULE OF COMMON LAW REVERSED.—Section 3 of our Code of Civil Procedure reverses the rule of the common law that statutes in derogation of the common law must be strictly construed. Under our code such statutes are to be liberally construed with a view to promote justice.

DEPOSITION—PRESUMPTION IN FAVOR OF OFFICE TAKING.—In determining the admissibility of a deposition taken under the provisions of our Code of Civil Procedure, the presumption is that the commissioner discharged his duty by doing all that the statute requires, except as to matters which he must return specifically as done.

ADMISSIBILITY NOT RAISED IN APPELLATE COURT FOR FIRST TIME.—Objection to the admissibility of evidence cannot be made for the first time in the appellate court.

(Syllabus by the court.)

APPEAL from District Court, Washington County.

Huston & Gray, for Appellant.

Depositions should be taken at the place named in the commission, and, this not appearing by the certificate of the commissioner or otherwise, they cannot be read. (Weeks' Depositions, sec. 192; *Rhoades v. Selin,* 4 Wash. C. C. 723, Fed. Cas. No. 11,740.) Evidence by depositions is in derogation of the common law, and, to entitle them to be received, the statutory provisions in relation to taking depositions must be strictly complied with. (Weeks' Depositions, sec. 328; *Lucas v. Richardson,* 68 Cal. 618, 10 Pac. 183; *Dye v. Bailey,* 2 Cal. 383; *Williams v. Chadbourne,* 6 Cal. 559; *McCann v. Beach,* 2 Cal. 25.)

Vineyard and Brumback & Lamb, for Respondents.

The court will not presume error; it must be made to affirmatively appear. (*People v. Best,* 39 Cal. 690; *Moore v. Massini,* 43 Cal. 389; *Clark v. Sawyer,* 48 Cal. 133.) It is unnecessary to find upon an immaterial issue. (*Fontaine v. Railroad Co.,* 54

Cal. 654; *McCourtney v. Fortune,* 57 Cal. 619; *Lovell v. Frost,* 44 Cal. 474.)

BUCK, J.—This action was brought to set aside a certain pretended deed from James Landy to D. Heagerty, and to declare the same void, on the ground that it is a forged instrument, and for other relief. The complaint was filed on the twenty-third day of July, 1885, and the action tried by the court at the July term of said court, 1886. Decision was rendered in favor of the defendants, and decree entered accordingly. Motion for a new trial was made and denied, and the plaintiff appeals from the judgment and decree of the court, and from the order denying a new trial, and brings the same into this court on a statement of the case.

The specification of errors assigns the following errors of law: 1. In admitting in evidence the deposition of one Robert C. Burton; 2. In admitting the minutes of the evidence of D. Heagerty (one of the defendants), taken before a committing magistrate on a charge of larceny against said Heagerty, to be read in evidence; 3. That there is no finding of the court as to whether the deed from Landy to Heagerty alleged to have been forged was or was not made in La Grande, Oregon, on the night of January 8, 1884; 4. In finding that said deed was valid, said finding being contrary to the evidence; and 5. That the decision and judgment are not supported by the evidence.

The appellant argues that the said deposition of Robert C. Burton was inadmissible in evidence for the reasons: 1. That the deposition was not taken at the place designated in the commission. An inspection of the commission shows that it designates the residence of the commissioner at Butte, Montana, but does not direct that the deposition be taken at that place, or any particular place. 2. That it does not appear that the deposition of the witness was read to the witness, and corrected by him, as is provided by section 969 of our code. The appellant places this objection to the deposition upon the principle that evidence by depositions is in derogation of the common law, and the statutory provisions providing therefor must be strictly construed. In support of this principle he cites *Dye v. Bailey,* 2 Cal. 383; *McCann v. Beach,* 2 Cal. 25; *Williams v. Chadbourne,*

6 Cal. 559; *Lucas v. Richardson,* 68 Cal. 618, 10 Pac. 183. These cases, except that in 10 Pac. were authorities under the early practice act of that state.

The fourth section of the Civil Code of California, adopted in 1885, provides that "the rule of the common law that statutes in derogation of the common law are to be strictly construed, has no application to this code. The code establishes the law respecting the subjects to which it relates, and its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects, and promote justice." This is also section 3 of the Code of Civil Procedure of Idaho territory. This provision of the code changes the rule in this as well as other questions of practice in our territory.

In *Williams v. Eldridge,* 1 Hill, 249, Cowen, J., says that "they will presume the commissioner discharged his duty by doing all those things, in the execution of the commission, which he is not bound to return specifically as done."

Section 965 of our code provides that the commissioner shall "certify the deposition to the court." It does not specify the contents of the certificate, and under the rule above cited in *Williams v. Eldridge,* and section 3 of our code, it will be presumed that the commissioner did all that he was required to do.

It is also objected that there is no certificate. There seems to have been a return by the commissioner, which was not objected to on the trial, and we think any objection thereto is waived, and that the deposition was properly admitted in evidence.

The second specification of error is that the court erred in admitting the minutes of the evidence of Mr. Heagerty at a preliminary examination on a charge of larceny. We find no objection to this evidence in the statement, and it is claimed none was made on the trial. It is too late to make the objection for the first time on appeal.

The third specification of error is that there is no finding as to whether the deed alleged to have been forged from Landy to Heagerty was executed and delivered on the eighth day of January, 1884, at La Grande, Oregon. The second finding of fact is that said Landy's signature to said deed is genuine. That seems to have been the real issue in the case, and we think the *locus in quo* immaterial, and a finding not required thereon.

The fourth and fifth alleged errors are that the finding that the said deed was valid is contrary to the evidence, and that the judgment and decision are not supported by the evidence. The evidence shows that Mr. Landy was the owner of one-half of the Black Maria mine, and had been for several years before the transactions set out in the complaint; that he was unable to develop the same, or to demonstrate its value, because of a lack of machinery; that Mr. Heagerty had the means to procure machinery; and that, under an indefinite arrangement with Mr. Landy, he shipped a quartz-mill into the country, and met Mr. Landy at La Grande, Oregon, where the deed in dispute is alleged to have been executed. These circumstances are such as might lead to some similar transaction to the arrangements set up in the answer. Mr. Burton directly states that Mr. Landy executed the deed, and Mr. Landy directly denies it. The deed, however, is produced, and several witnesses acquainted with Mr. Landy's signature declare it to be genuine. None are produced who deny its genuineness, and a comparison of handwriting indicates that the signature is genuine. In the trial court the witnesses were examined in person, and the court had an opportunity to judge of their credibility from their manner of testifying and appearance on the stand, which this court has not. We are unable to see that the findings of fact are not sustained by the evidence, and the judgment is affirmed.

Hays, C. J., and Broderick, J., concur.