HERMIDA & PALOS, PLAINTIFFS AND APPELLEES, *v.* GESTERA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in an Action of Debt.

No. 1297.—Decided July 28, 1915.

EVIDENCE—DEPOSITION.—It is not necessary to submit a deposition to the adverse party before offering it in evidence, because the proper time for the adverse party to examine it and object to its admission is when it is offered.

DEPOSITION.—A deposition is sufficiently certified when it states at its foot that it was read by the commissioner to the deponent before he signed it.

ID.—COMMISSIONER'S SEAL—IRREGULARITY.—If a deposition is certified to by the commissioner and sent by mail in a closed envelope to the clerk of the court, the fact that the envelope does not bear the commissioner's seal is not a sufficient ground for its rejection, for in the absence of any suspicion that it had been tampered with, this would be a mere irregularity.

ID.—PRESUMPTION.—When a deposition does not show by whom it was written, in the absence of evidence to the contrary the presumption is that it was written by the commissioner.

ID.—HANDWRITING.—The fact that the handwriting in the deposition is not like that of the commissioner is not sufficient ground for its exclusion, unless there is evidence showing some irregularity.

ID.—PRESUMPTION.—When the commissioner certifies that the witnesses appeared before him and were sworn by him and that he read the testimony to the witnesses who ratified it, in the absence of evidence to the contrary the presumption is that the testimony was given before the commissioner.

ID.—COMMISSIONER.—If the commissioner sends the deposition to the clerk of the court, that fact is sufficient to show that he took it for the court, especially when it is stated in the deposition that he acted as commissioner of the court.

ID.—SEPARATE DEPOSITION.—Although it is more regular to take depositions separately when there are two or more witnesses, it is not improper to allow one witness to adopt the answers of another.

EVIDENCE—DEMAND FOR PAYMENT.—When a letter is offered in evidence to prove that the plaintiff made demands upon the defendant for the payment of the debt, unless it is shown that the letter referred to some other transactions between the parties it should be admitted.

ID.—AFFIDAVIT.—The object of an affidavit is not to provide testimony for use at the trial. The witnesses should testify orally or by depositions so that the adverse party and the court may have an opportunity to scrutinize their testimony.

ID.—AFFIDAVIT—CONTRADICTIONS.—The introduction in evidence of an affidavit of a witness is proper to show that on another occasion he made contradictory statements, but not when he is questioned about facts or statements known to him personally.

ID.—ADMISSIONS—DOCUMENTS.—Oral admissions are allowed as direct evidence against the party who made them although they involve what must necessarily be contained in a public document.

ID.—ADMISSION.—When a defendant admits in his testimony before the court that at a certain time he had made a sworn statement that he owed a certain sum of money to the plaintiff, thus corroborating an allegation of the latter, unless it is shown that such acknowledgment referred to a different debt from the one sued for the court was justified in considering it an admission of the said debt.

ID.—CONTRADICTION.—When the evidence is contradictory it is the province of the trial court to adjust the conflict.

The facts are stated in the opinion.

*Messrs. Bosch & Soto* for the appellant.

*Mr. Antonio J. Amadeo* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The plaintiffs in this case alleged before the District Court of San Juan, Section 1, that they were residents of New York; that during the year 1907 they lent various sums of money amounting to $800 to the defendant, Teótimo Gestera, who admitted that he owed the same and agreed to pay it, but has not done so either in whole or in part although it is due and demand for payment has been made upon him on various occasions since January, 1908. The complaint concludes with the prayer that the defendant be adjudged to pay to the plaintiffs the said sum of $800, with interest from January, 1908, and $250 for attorney fees and costs.

Defendant answered denying the complaint generally and alleging that neither during the year 1907 nor at any other time had the plaintiffs lent him sums of money amounting to $800; that he had not admitted that he owed that amount or agreed to pay the same, and that no demand had ever been made upon him for its payment. As new matter the answer alleged that during his stay in New York the plaintiffs advanced him money on different occasions, but that he repaid the whole amount, which never reached the sum of $800, and is not now indebted to them in any amount.

The case went to trial and the court rendered judgment for the plaintiffs, from which the defendant took the present appeal.

The grounds relied on for a reversal of the judgment are the following errors alleged to have been committed by the lower court:

"1. The admission of depositions of the plaintiffs.

"2. The admission of defendant's letter to the plaintiffs.

"3. The admission in evidence of the testimony of witness Gestera 'that he had stated on another occasion that he owed the plaintiffs the sum of $800 and giving it the force of an admission of the debt.

"4. Admitting questions as to the contents of a written instru-

ment before the same had been offered and introduced in evidence
and its relevancy and admissibility determined.

"5. In finding that the plaintiffs had proved their case and ad-
judging that the defendant should pay $800 as principal, with interest
from January, 1908, and the costs, disbursements, and attorney fees."

In support of their action the plaintiffs introduced their
own depositions taken in New York; a letter written to them
by the defendant; several checks drawn by the plaintiffs to
the order of the defendant and endorsed by him and paid
by the bank upon which they were drawn, as well as the tes-
timony of the defendant himself.

Various grounds are alleged in support of the contention
that the trial court committed the first of the errors assigned,
they being repetitions of the objections made at the trial to
the reading of the depositions. From the manner in which
the bill of exceptions and statement of the case are drawn
up we do not know whether the depositions were or were not
admitted in evidence when the defendant objected to their
being read, but in any event it appears that he raised the
objections before they were read at the trial, the object being
to prevent their introduction in evidence.

One of the grounds is that before the depositions were
offered in evidence and their validity discussed the defend-
ant should have been allowed to examine them in order to
formulate his objections regarding their admissibility—that
is, as to whether they fulfill the legal requirements or not.

The appellant cites no rule of law in support of his con-
tention. We are of the opinion that it is not necessary to
show the depositions to the adverse party before offering
them in evidence, because the proper time for the adverse
party to examine them and raise his objections to their admis-
sion in evidence is when they are offered by the other party.

But there is no doubt that the defendant examined them
and had an opportunity to object to their admission because
he made several objections which the court overruled. Said
objections consisted in that neither the commission issued

to the commissioner nor the forwarding of the depositions to the court conformed to the provisions of section 140 of the Law of Evidence, because the commission does not state that the depositions should be certified to by the commissioner and returned to the secretary of the court under sealed cover, nor were they returned in such manner.

The depositions were certified to by the commissioner because it is stated at the foot thereof that they were read to the witnesses before being signed by them, which is sufficient according to the holding in the case of *Williams* v. *Chadbourne,* 6 Cal. 559.

The depositions were mailed to the secretary of the court in a closed envelope, and although the appellant contends that the envelope should have borne the seal of the commissioner, this would not be a ground for rejecting the depositions when the commissioner certifies to their identity. It would be a mere irregularity in the absence of any suspicion that the depositions had been tampered with. *Chadwick* v. *Chadwick,* 59 Mich. 87, 26 N. W. 288; 13 Cyc. 959.

The following objections were raised: (*a*) The depositions do not show that they were written by the commissioner or by another person at his request; (*b*) that it is not shown who wrote them; (*c*) it is not shown whether they were taken in the presence of the commissioner; (*d*) that the commissioner does not certify to them for the court; (*e*) that it does not appear upon their face that they were taken separately, but that the contrary appears. We will say that although the depositions admitted in this case do not state by whom they were written, notwithstanding that omission the court admitted them at its discretion and in the absence of proof to the contrary it must be taken for granted that the fact that the commissioner did not state that he authorized another person to write them is due to the fact that he wrote them himself. The mere fact that the handwriting in the depositions is not like that of the commissioner, without any evidence to impugn the regularity of his conduct,

is insufficient to exclude the same.   *State* v. *Kimball,* 50 Me.
409; *Piper* v. *White,* 56 Pa. St. Rep. 90.

The same rule is applicable to the fact that the deposi-
tions failed to state that they were taken before the com-
missioner, especially in the present case in which he certi-
fied that the witnesses appeared before him, that he admin-
istered oaths to them, that he read their testimony to them,
and that they ratified the same.

The forwarding of the depositions to the secretary of the
court is sufficient to show that the commissioner took them
for the court, especially as it appears therefrom that he acted
as its commissioner.

As to the last objection that it does not appear that the
depositions were taken separately because they are similar,
while it is more regular to take depositions separately when
there are two or more witnesses, nevertheless it is not im-
proper to permit one witness to adopt the answers of the
other.   13 Cyc. 937, and cases there cited.

The second alleged error is the admission in evidence of
a letter which the defendant wrote and sent to the plaintiffs
on February 24, 1911, and which, according to the appellant,
can prove no essential fact in dispute, its relation to the
subject-matter having to be drawn solely from conjectures
or arbitrary deductions.

The plaintiffs allege that on various occasions since Janu-
ary, 1908, they have made demands upon the defendant for
the payment of the debt for which they are now suing him,
and we believe that their object is to prove that allegation
by means of the said letter, the contents of which is to explain
to them why he did not answer sooner, the reasons why he
has no money, and to tell them that so soon as his situation
improves he will remember them.   It seems to us that taken
as a whole its object is to show why he does not meet their
demands for payment, and as it has not been shown that any
other claim existed between the parties, the explanation given
by the defendant that he referred to an invitation they ex-

tended to him to go to New York is not logical, for there is not a single word in the letter which refers to such a matter, either directly or indirectly, and we are of the opinion that the letter was admissible in evidence.

The third and fourth errors we may consider together.

The defendant having been called as a witness for the plaintiffs, he testified that about March, 1908, he resided in New York; that he was married; that about that time he testified before a court there. When the attorney asked him for details the attorney for the witness objected on the ground that it should be ascertained first whether his testimony was in writing or not. The court overruled the objection and the attorney asked again if it were not true that in the affidavit which he signed he admitted that he owed the plaintiffs $800, to which question the attorney for the adverse party also objected on the ground that no question should be put regarding a document which could be introduced in evidence. That objection being also overruled, the witness testified that it was true that on March 30, 1908, he declared under oath that he owed $800 to Hermida & Palos because he was indebted to various persons at that time, including the plaintiffs.

The appellant contends that the errors assigned by him were committed because the best evidence was the document itself and because the statement of the witness does not constitute an admission.

With respect to the first point, we must hold that the lower court did not commit the error attributed to it.

The object of an affidavit is not to provide testimony for use at trials. The witnesses must testify orally or by means of depositions in order that the adverse party as well as the judge may have an opportunity to scrutinize their testimony. The introduction in evidence of an affidavit containing averments of a witness is proper to show that on other occasions he made contradictory statements, but not when he is asked about acts or statements known to him personally.

In the case of *Etchemende* v. *Stearns,* 44 Cal., 583, the court reversed a judgment because of the admission of affidavits made on another occasion to prove that the defendants were partners, and in that connection the court said: "For aught that appears in the case, all the persons who made those affidavits were living and within the jurisdiction of the court, and in every respect competent as witnesses in this case." In 17 Cyc. 510, parol admissions are held to be competent in many jurisdictions as primary evidence against the party making them although they involve what must necessarily be contained in a written instrument.

Another allegation is that the declaration made by the witness in 1908 is not an admission of the debt sued for herein because the origin of the admitted debt was not shown.

The defendant having testified at the trial that in 1908 he made the sworn statement that he owed $800 to the plaintiffs and taking into consideration the fact that this bore out the allegation of the adverse party that he owed them that sum on that date, unless he explains, which he had an opportunity to do and did not, that such acknowledgment of debt referred to another and different debt from that sued for, the judge was warranted in regarding it as an admission, especially as he denied in his answer that on any date before or after 1907 he owed them anything on account of a loan, or on any other account, or that he acknowledged that he did.

The fifth and last error assigned refers to the sufficiency of the evidence to support the judgment for the plaintiffs.

The complaint did not allege that the debt was contracted exclusively through the medium of checks and therefore there is no variance between the evidence and the pleadings.

The plaintiffs testified that they had advanced to the defendant $800 as a loan, of which they gave him checks, whose numbers they state, for $609.74 on different dates and $190.26 in cash; and even though they exhibited at the trial checks

for only $433.74, this does not prove that they could recover judgment for that amount alone, for the debt sued for could be proved by the testimony of·the plaintiffs and the introduction of the checks is simply a corroboration thereof.

Besides the said testimony and the checks there was other evidence in the shape of the letter and the admission referred to, and it devolved upon the court to decide between the claims of the plaintiffs and the contentions of the defendant that although he had received various checks from· the plaintiffs it was in exchange for money which he had delivered to them, and this conflict in the evidence was decided against the defendant.

In view of these considerations the judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.