### DAVID IMBODEN v. J. G. RICHARDSON.

Where an objection was made to the introduction in evidence of certain depositions, upon the ground that they were not reduced to writing by the Justice of the Peace before whom they were taken, and that the proces verbal of the magistrate did not state by whom they were reduced to writing—*Held:* That the presumption of law is, that the magistrate did his duty, and that the answers were written either by himself or by a person not interested in the event of the suit, and that the burden of proof was on the party objecting to rebut this presumption.

The action of mandate arises *ex contractu*, and is only prescribed by ten years.

An attorney in fact is bound to discharge the functions of his procuration, so long as he continues to hold it, and is responsible to his principal for the damages that may result from the non-performance of his duty. He is responsible, not only for his unfaithfulness, but also for his fault or neglect.

APPEAL from the District Court of the Parish Ouachita, *Richardson*, J. *Thomas O. Benton*, for plaintiff. *R. Ray*, for defendant and appellant.

LAND, J. The plaintiff alleges, that he specially employed the defendant, a General Land Agent, residing at Monroe, and engaged in entering swamp and overflowed lands at Baton Rouge, to enter a certain tract or parcel of land particularly described in the defendant's receipt to him, for the money furnished for that purpose.

That the defendant, for a long time, induced him to believe, that the land had been entered in his name, and for his use and benefit. That in the year 1857, some three years after he had employed the defendant to make the entry, and had paid him the money for that purpose, he was informed that the defendant had totally failed to enter the land, in pursuance of his express undertaking and agreement, and that the land had been entered in the preceding year of 1856, by a third party.

The plaintiff further alleges, that by the neglect of the defendant, as his attorney in fact, to enter the land, he has sustained damages to the amount of two thousand dollars, at least.

That he could have secured a title to the land himself, or through the agency of others; but that he trusted entirely to the fidelity of the defendant, as his agent, in entering the land for his use and benefit. And that he could have sold the land for more than the amount of damages claimed in this suit.

Upon these allegations, the plaintiff prays judgment against the defendant for the amount of the purchase money, to-wit, $225, with interest from the 4th of January, 1853, and for $2000 damages occasioned by the defendant's negligence and breach of duty in the premises.

Our attention is first called to a bill of exceptions taken on the trial below by the defendant's counsel, to the introduction in evidence of certain depositions which had been taken under a commission by a Justice of the Peace.

The objections were : first, that the answers of the witnesses to the interrogatories and cross-interrogatories were not reduced to writing by the Justice of the Peace ; and, secondly, that the proces-verbal annexed to the answers of the witnesses does not state by whom they were reduced to writing.

The proces-verbal of the magistrate states that the answers of the witnesses to the interrogatories were reduced to writing in his presence, but does not state by whom. The presumption of law is, that the magistrate did his duty, and that the answers were written either by himself or by a person not interested in the

535

event of the suit. The burden of proof was on the defendant, to rebut this presumption.

The defendant has filed in this court the plea of prescription of one year to the plaintiffs' action.

The action is not *ex delicto*, but *ex contractu*—the action of mandate, and is only prescribed by ten years. 15 An. 145. The failure of the defendant *to enter the land* was not the breach of any official duty, nor was it a quasi-offence, but the breach of his contract of mandate entered into with the plaintiff for the performance of that duty; and for this breach of his contract he is liable in damages to the plaintiff.

The attorney in fact is bound to discharge the functions of his procuration, so long as he continues to hold it, and is responsible to his principal for the damages that may result from the non-performance of his duty. He is responsible, not only for his unfaithfulness, but also for his fault or neglect. C. C. 2971, 2972.

The judgment is against the defendant, for the amount of money furnished by the plaintiff to enter the land, and interest thereon from the date of its receipt, and for thirteen hundred dollars damages. This judgment, we think, is sustained by the law and the evidence.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.