## JOHN J. BLAIR *v.* JAMES W. COLLINS.

If a slave sold with full warranty dies of a disease contracted from exposure while a runaway, the vendor will be liable to return the price, on proof that he had requested the vendee not to send the slave back, if caught, until at a specified time, when he would either give another one in his place, or return the price.

It is sufficient, in the execution of a commission to take testimony, if the caption and proces-verbal show that the witnesses were duly sworn, and where, when and by what authority the commission was executed, and it is not necessary that it should appear by whom the deposition was written.

APPEAL from the Second District Court of New Orleans, *Morgan, J.*
*Clarke & Bayne,* for plaintiff.    *Collins & Woolridge,* for defendant and appellant.

DUFFEL, J. The plaintiff, a resident of the parish of DeSoto, obtained a judgment against the defendant, for the return of the price of a slave, with costs and expenses.

The curator of the succession of the defendant, who died during the pendency of the suit, appealed.

The evidence shows that the defendant, who was a negro-trader in New Orleans, sold, on the 22d December, 1857, under full warranty, to the plaintiff, a slave who had been imported into this State a month or two prior thereto; that the slave proved to be a confirmed runaway; that in July or August following, the plaintiff wrote to the defendant *that he was compelled to throw the negro back on his hands,* as he had run away four or five times; but inasmuch as the slave was then at large, he desired to know if he should be sent to him when caught; that the defendant requested the factor of the plaintiff to write to the latter, asking him not to send the slave back before the fall, as the fever was then raging in New Orleans, and he might lose him, but that he would make it all right by giving him another negro, or returning the price; that the slave was

BLAIR
v.
COLLINS.

arrested, and a few days after, 8th of November, 1858, he died of a chronic *peri-tonitis*, brought on by exposure when out in the woods as a runaway ; that the slave had been well treated, and had received, when sick, medical aid.

The evidence, unless excluded, fully justifies the judgment of the District Judge. *Raca* v. *Slawson*, 5 An. 708 ; *Riggin* v. *Kendig*, 12 An. 451 ; *Buie* v. *Kendig*, ante 440 ; C. C. 2510, 1906 ; *Bowman* v. *Ware*, 18 La. 597 ; *Smith* v. *Taylor*, 10 Rob. 133.

We are therefore required to take notice of two bills of exception taken by the defendant. One of them is to the reception of that part of the testimony which was introduced to prove a tender, and that the defendant having been regularly put *in mora*, the slave was at his risk.

The exception was properly overruled.

The other exception is to the effect, that it does not appear that the depositions taken under commission were written and signed by the witnesses in the presence of the magistrate, and that it does not appear who wrote the depositions, they not being in the handwriting of the magistrate.

The caption and proces-verbal show that the witnesses were duly sworn, and state where, when, and by what authority the commission was executed. This was held to be sufficient in the case of *Ferriber* v. *Latting*, 9 An. 169.

Judgment affirmed, with costs.