## EGBERT and others *v.* CITIZENS' INS. CO. OF MISSOURI.

*(Circuit Court, E. D. Missouri.* March 28, 1881.)

1. **DEPOSITION—CAPTION—NAMING PARTIES.**

   Where depositions are taken *de bene esse,* under the act of congress of May 9, 1872, in a case in which there are several parties plaintiff and defendant, it is not necessary to state in the caption the names of all the parties to the suit. It is sufficient to give the style in the case thus: *A. B. et al., plaintiffs,* v. *C. D. et al., defendants.*

2. **SAME—SAME.**

   A caption sufficiently shows the reason for taking depositions if it states where the depositions are taken, without giving the distance from the place of taking to the place of trial, if the distance is in fact, and is well known by all parties to be, more than 100 miles.

3. **SAME—CERTIFICATE.**

   Where an officer by whom depositions are taken seals them up, marks the style of the case on the envelope, directs them to the clerk of the court in which the case is pending, and writes the usual indorsement across the seal, and the depositions are received by the clerk to whom they are addressed, through the mail, *held,* that the certificate to the depositions should be deemed sufficient, though it fails to state that the officer delivered the depositions to the court in which the cause was pending, or that he sealed them up and deposited them in the post-office.

Motion to Suppress Depositions.

*E. T. Farish,* for plaintiff.

*O. B. Sansum,* for defendant.

TREAT, D. J. The several plaintiffs named in this suit, according to the petition, were copartners doing business in San Francisco, California. The defendant, being a Missouri corporation, had an established agency in the former place, and its agents there drew a bill of exchange on the defendant

dated July 12, 1877, for $2,500, on account of a loss sustained under a named policy. Said bill went to protest. Subsequently, in 1877, successive payments thereon were made to the amount of $1,700, and this suit was instituted September, 1879, in the state court, for the balance due. The defendant filed a general denial, and caused the suit to be removed to this court, January, 1880. In the course of subsequent proceedings the plaintiffs, by their attorney, gave the following notice to take depositions:

R. S. EGBERT et al. vs. THE CITIZENS' INS. CO. OF MISSOURI.

(In the United States Circuit Court, Eastern District of Missouri.)

To the above-named defendant or O. B. Sansum, attorney of record:

You are hereby notified that depositions of George W. Scott, C. D. Farnsworth, J. P. Clark, and E. Potter, witnesses, to be read in the above-entitled cause, on the part of plaintiff, will be taken at the office of Samuel F. Murphy, notary public and commissioner, No. 607 Montgomery street, in the city of San Francisco, state of California, on the fourteenth day of February, 1881, between the hours of 8 o'clock in the forenoon and 6 o'clock in the afternoon of that day; and that the taking of said depositions, if not completed on that day, will be continued from day to day, at the same place and between the same hours, until completed.

EDW. F. FARISH, Attorney for Plaintiffs.

Service of the above notice is hereby acknowledged. St. Louis, January 26, 1881.

O. B. SANSUM, Attorney for Defendants.

Under this notice depositions were taken and returned to this court. A motion has been filed to suppress those depositions on several grounds, and numerous authorities cited in support of the motion, most of which pertain to *ex parte* depositions under the act of 1789, and are deemed inapplicable to depositions taken under notice pursuant to the act of 1872. When an *ex parte* course was pursued under the former act, the courts insisted upon a rigid compliance with all its requirements, inasmuch as such proceedings were in derogation of the common law, and might be had without notice to the adverse party, or his attorney, under circumstances indicated therein. If a party chose to pursue that course, the supreme court of the United States, in 1851, (*Walsh* v. *Rogers*, 13 How. 283,) said: "Testimony thus obtained must always be unsatisfactory and liable to sus-

picion, especially if the party has had time and opportunity to take it in the regular way." That court gave the reason which induced the act of 1789 in that respect, restated the rule that depositions without notice were in derogation of the common law, etc. There was a hint, at least, looking to the distinction between depositions when taken with and when taken without notice. The act of 1872 has, to a large extent, cured the evil thus complained of.

These general remarks are here made, because it is not proposed to review in detail the many authorities cited, or to enter upon a discussion of each of the several grounds of the pending motion. It must suffice to pass upon each *seriatim.* It is objected to as follows:

(1) Because the caption of the depositions fails to state the names of all the parties to the suit; that is, instead of naming each of the copartners plaintiffs, it followed the style of the case as given in the notice, and as docketed.

The strict rule laid down by the United States supreme court with respect to transcripts of records to that court on error or appeal, upon which judgment or decrees may follow, it seems to us ought not be pushed to the extreme contended for with respect to depositions, where all the parties had notice and knew in what case the testimony was sought.

(2) Because the caption of said depositions failed to show any cause for taking said depositions; that is, it does not state that San Francisco, in California, is more than 100 miles distant from St. Louis.

It will be observed from the statement of the case that it originated in San Francisco, through the agents of the defendant, and the notice was to take the depositions there, and the respective parties knew as well as this court, judicially, that those cities are more than 100 miles distant. Why, then, should the notary be required to state what was apparent and known to all concerned. The act of congress gives the distance as good cause for taking such depositions.

(3) Because the officer before whom said depositions were taken fails to certify that he delivered them to the court in which said cause is pending, or that he sealed them up and deposited them in the post-office in San Francisco.

This objection is fully met by the fact that the envelope

came through the mail from San Francisco, addressed to the clerk of this court, was received by the latter accordingly, was marked with the style of the case, and had the usual indorsement across the seal. It cannot be supposed that before sealing the envelope the officer was bound to certify in the enclosed certificate that he *had* done what could not be done until after the sealing.

The other objections are too vague and indefinite to require notice. It is not to be understood that this court will relax any rule which is proper or essential to enable it to ascertain definitely that depositions are taken within the requirements of the acts of congress, and with due regard to the interest of contesting parties.

There are in civil cases, as stated in the act of 1789, and as continued in all subsequent legislation, two grounds for taking depositions:

(1) That the witness lives at a greater distance than 100 miles from the place of trial; (2) that, if living within 100 miles, he is bound on a voyage to sea, or is about to go out of the United States, etc., etc.

If it definitely appears that the witness resides more than 100 miles distant, the ground for taking the same is within the terms of the statutes; and in order to read the same nothing further is required, provided the same was properly taken and certified. Under the second head, it may be that if objection is made the court would refuse to hear the deposition if it appeared that the witness was still within 100 miles. The several provisions of the United States laws on this subject are embodied in section 863 *et seq.;* and by an examination of the various prior acts of congress indicating the course of legislation on the subject, and the many decisions made from time to time under the then-existing statutes, it will be seen that under section 863 reasonable notice must now be given in writing by the party or his attorney to the opposite party or his attorney, as either may be nearest, which notice shall state, etc. Pursuant to this section the depositions in this case were taken, and, it is held, taken in due conformity with the statutes, as sufficiently appears from the record, notice, and certificate.

A party may apply for a *dedimus* and cause testimony to be taken, if the *dedimus* so states, *orally;* full notice being given to the opposite party, or his attorney, to appear and cross-examine, or to take the testimony by interrogatories and cross-interrogatories, filed and settled by the court.

The motion to suppress is overruled.