| 80 | 691 |
| 82 | 281 |
| 80 | 691 |
| 102 | 571 |
| 80 | 691 |
| 113 | 627 |
| 80 | 691 |
| 115 | 437 |

## TURNER v. HARDIN et al.

1. **Depositions:** PRESENCE OF PARTIES OR AGENTS: CERTIFICATE. Section 3738 of the Code provides that, "where a deposition is taken upon interrogatories, neither party, nor his agent or attorney, shall be present at the examination of a witness, unless both parties are present or represented by an agent or attorney, and the certificate shall state such fact if party or agent is present." Held that, where neither party nor agent is present, it is not necessary for the notary to certify that fact, but that it will be presumed, where the certificate is silent on the subject. (Sheriff v. Hull, 37 Iowa, 175, distinguished.)

2. ———: IRREGULARITY: MOTION TO SUPPRESS: TOO LATE. Where depositions were filed, and notice thereof given by the clerk, February 14, and the term at which the cause was tried commenced March 4, held that a motion to suppress for an irregularity, filed March 22, was too late, and was properly overruled. (See Code, sec. 3751, as amended by chap. 26, Laws of 1878.)

3. **Attachment:** PRIOR SALE OF GOODS BY DEBTOR: FRAUD: DECLARATIONS OF DEBTOR. Where goods were attached as the property of the debtor, held that, in an action by a purchaser of the goods prior to the levy, to recover them from the officer, the declarations of the debtor, made subsequent to the sale and the levy, to the effect that the sale was a bogus one, and was designed to defraud the attachment creditor, were incompetent as against the plaintiff's title. (See opinion for citations.)

4. **Fraud**: DEGREE OF EVIDENCE TO PROVE : INSTRUCTION. In this case, where the defendants relied upon allegations of fraud to defeat plaintiff's title, the court instructed : "The burden of proving fraud is upon the defendants. Fraud is not to be presumed without proof. Yet fraud, like any other fact, may be proved by showing such circumstances as lead fairly and naturally to the conclusion that fraud has been committed ; and if such circumstances are proved, and they are of such a character as to produce in the minds of the jury a conviction of the fact of fraud, then it may be considered that fraud is proved. * * *." *Held* that while the word " conviction " is not wholly approved, as used in the instruction, yet it is apparent from the whole charge that the jury must have understood it as used as synonymous with "belief," and that they could not have understood the court to mean that fraud must be proved beyond a reasonable doubt. (Compare *Sunberg v. Babcock*, 66 Iowa, 519, and *Welch v. Jugenheimer*, 56 Iowa, 16.)

5. **Instruction**: REPETITION NOT REQUIRED. It is not error to refuse instructions asked, the substance of which, so far as correct, is incorporated in those given.

6. **Attachment**: REPLEVIN OF GOODS BY PRIOR PURCHASER : EXCESSIVE VERDICT. In an action for the recovery of goods wrongfully attached as the property of plaintiff's vendor, plaintiff testified that he paid one hundred and forty dollars for them on a certain date, and the jury allowed him that amount with interest, as their value. *Held* excessive, in view of the evidence of numerous witnesses that they were not worth nearly so much.

7. ———— : ———— : EXEMPLARY DAMAGES. In such case the charge of the court, in so far as it authorized the allowance of exemplary damages, was erroneous, since there was no evidence that the attachment was sued out maliciously.

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

FILED, JUNE 3, 1890.

ACTION to recover possession of specific personal property and damages resulting from its detention. There was a trial by jury, and a verdict and judgment for plaintiff. The defendants appeal.

*John P Hornish, J. F. Smith* and *Craig, McCrary & Craig,* for appellants.

*James C. Davis,* for appellee.

ROBINSON, J.—The defendant Hardin, as marshal of the city of Keokuk, seized the property in controversy under a writ of attachment issued by the superior court of the city of Keokuk in favor of defendant Younker, and against the property of James S. Lewis. Plaintiff claims that he purchased the property of Lewis prior to the levy, and that it was in his possession at the time of the levy. The defendants deny the alleged purchase by plaintiff, and aver that if a sale was made by Lewis it was made for the purpose of hindering, delaying and defrauding the defendant Younker, in pursuance of a fraudulent conspiracy between Lewis and plaintiff, and is fraudulent and void. The jury assessed the value of the property at $155.75, and the damages for its detention at two hundred and ninety-three dollars. Judgment was rendered in favor of plaintiff for $448.75 and costs. This cause has heretofore been considered by this court. See 76 Iowa, 258.

I. The deposition of James S. Lewis taken upon interrogatories was filed, and notice thereof given, on the fourteenth day of February, 1889. The term of court at which the cause was tried commenced on the fourth day of March, 1889, and on the twenty-second day of that month defendants moved to suppress the deposition on the ground that the certificate of the notary who took the deposition did not show that neither of the parties, their agents or attorneys, was present at the taking of the deposition. The motion was overruled. The certificate does not state whether anyone was present excepting the witness and the officer during the examination. Section 3738 of the Code provides that, " where a deposition is taken upon interrogatories, neither party, nor his agent or attorney, shall be present at the examination of a witness, unless both parties are present or represented by an agent or attorney, and the certificate shall state such fact if party or agent is present." The statute does not require the certificate to show the fact

1. DEPOSITIONS: presence of parties or agents : certificate.

when neither party nor agent is present, and where the certificate is silent as to the fact, and there is no showing to the contrary, it will be presumed that the requirements of the law have been observed. In the case of *Sheriff v. Hull*, 37 Iowa, 175, the evidence in regard to the depositions showed affirmatively that one of the parties was present while they were being taken, and that the other was not. The ruling of the court in denying the motion was right on the merits, and was

2. ——: irregularity: motion to suppress; too late.

right for the further reason that the motion was filed too late. See Code, section 3751, as amended by chapter 26, Acts of Seventeenth General Assembly.

II. The evidence shows that at the time the property in question was taken the plaintiff and Lewis resided in Illinois; that prior to that time

3. ATTACHMENT: prior sale of goods by debtor: fraud: declarations of debtor.

Lewis had done some business as a huckster; that he had used the property in controversy in that business; that he sold the property to plaintiff in consequence of a determination he had formed to quit the business; that as a part of the agreement of purchase plaintiff was to haul from the home of Lewis to Keokuk, a distance of about thirty miles, a load of eggs; that, on the day of the attachment, plaintiff and Lewis were in Keokuk with the eggs, and that, after they were unloaded, the writ of attachment was levied. The defendants offered to show that after the levy had been made Lewis asked of the person offered as a witness "who he could get to go on a bond * * * so as to release his team," and in that conversation stated that he and plaintiff "had put up a bogus sale to beat Younker out of his attachment; and that they wanted to get the team so as to beat Younker out of his claim against Lewis." The court sustained an objection to the offered evidence, and it was excluded. It might perhaps have been proper for the purpose of impeaching Lewis, had the proper foundation been laid. It is quite clear from the record that it was not offered for that purpose, but to show

that plaintiff was not in fact the owner of the property by showing that the alleged sale was fraudulent. The declarations which defendants proposed to show were made after the transactions to which they referred had been concluded, and after the property was in the hands of the marshal. They were not competent as against plaintiff to defeat his title. *Keystone Manuf. Co. v. Johnson*, 50 Iowa, 143; *Rogers v. Thurston*, 24 Neb. 326; 38 N. W. Rep. 834; *Manuf. Co. v. Creary*, 116 U. S. 161; 6 Sup. Ct. Rep. 369.

III. Appellants complain of the seventh paragraph of the charge to the jury which is as follows:

**4. FRAUD:** degree of evidence to prove: instruction.

"7. The burden of proving fraud is upon the defendants. Fraud is not to be presumed without proof. Yet fraud, like any other fact, may be proved by showing such circumstances as lead fairly and naturally to the conclusion that fraud has been committed, and if such circumstances are proved, and they are of such a character as to produce in the mind of the jury a conviction of the fact of fraud, then it may be considered that fraud is proved. But before fraud can be proved by circumstances, the conclusion of fraud should be inconsistent with any other probable or reasonable theory. Fraud will not be imputed when the facts upon which it is predicated may be consistent with honesty and fair dealing, and should you find, from a preponderance of the evidence, that the sale between plaintiff and Lewis was fraudulent, then your verdict should be for the defendant; but, if otherwise, you should find for the plaintiff upon this issue." It is evident that this paragraph was drawn with special reference to what was said in this case on the former appeal, and to the rule announced in *Sunberg v. Babcock*, 66 Iowa, 519. It is said in effect that it places upon defendants the burden of proving the fraud alleged beyond a reasonable doubt, and, therefore, that it is contrary to the doctrine announced by this court in *Welch v. Jugenheimer*, 56 Iowa, 16, and subsequent cases. We do not wholly approve the word "conviction"

in the connection in which it is used, but we are of the opinion that the jury could not have understood the paragraph quoted to exact of defendants the degree of proof which would be required in criminal cases. Where the charge is considered as a whole, it is evident that the jury must have understood the word "conviction" to be used as the equivalent of "belief," and that it might rest upon a mere preponderance of the evidence.

IV. Complaint is made of the refusal of the court to give certain instructions asked by defendants. So far

5. INSTRUCTIONS: repetition not required.

as those discussed were material and proper in this case, they were substantially incorporated in the charge given, and need not be separately considered.

V. The property in controversy consists of two horses, a harness and wagon. At the time they were

6. ATTACHMENT: replevin of goods by prior purchaser: excessive verdict.

taken by the marshal they were old and worn, and one of the horses was blind. Plaintiff alone testifies that at that time they were worth about one hundred and seventy-five dollars, or one hundred and

eighty dollars. He states that the harness was an "ordinary double set, pretty well worn." Five disinterested witnesses testify that the horses and wagon were worth from eighty-five to ninety-eight dollars, one that the team was worth not more then seventy-five dollars, and one that the horses, harness and wagon were worth not more then eighty-five dollars. The harness was shown to be of little value. The plaintiff claims that he gave fifteen dollars in money, and one hundred and twenty-five dollars in his note, for the property, on the fourth day of May, 1887. The jury evidently allowed him that amount and interest thereon at six per cent. from the date of the alleged purchase to the date of the verdict. We think the amount allowed as the value of the property is excessive, and that the verdict in that respect is clearly against the preponderance of the evidence.

Whether the jury allowed the plaintiff exemplary damages the record does not show, but the charge of the court authorized the allowance of such damages, and in that we think there was error, for the reason that there was no evidence whatever that the attachment was sued out maliciously.

7. ——: ——: exemplary damages.

For the errors indicated, the judgment of the district court is                                    REVERSED.