| 82   277|
|111   326|

## MARY COOK, Appellee, v. J. M. GILCHRIST, Appellee; A. E. SHORTHILL *et al.*, Appellants.

1. **Evidence**: DEPOSITIONS: NOTICE. Where depositions are to be taken upon written interrogatories by a commissioner appointed for that purpose, five days' notice of the suing out of a commission therefor is sufficient if served upon the opposite party within the county from which such commission is to issue.

2. ———: ———: PRESENCE OF THIRD PERSONS: CERTIFICATE. Where the commissioner's certificate to a deposition stated that the same was taken before him, and reduced to writing in his presence by one L., the burden is upon one attacking the deposition because of such statement, to show that L. was the agent or attorney of the opposite party.

3. **Mortgage**: CERTAINTY OF DESCRIPTION: VALIDITY. A mortgage conveying " the undivided one-fourth of lots 1, 2 and 3, in block 25, in the original town of Marshall, now known, with its additions, as the city of Marshalltown, including the undivided one-fourth of all buildings and machinery therein, and all fixtures, and the undivided one-fourth of all stock, assets and material of the firm of B. T. Frederick & Co., being the said John M. Gilchrist's interest in the property of said firm, or that may hereafter be acquired," and further describing it as being situated in the county of Marshall and state of Iowa, is sufficiently certain as to the personal property therein described as against one who has purchased the business of said firm with notice of the mortgage.

4. **Deed**: DESCRIPTION: CONSTRUCTION. A conveyance of an undivided interest in certain partnership property, after describing certain real estate, recited, "also the undivided three-fourths of all the machinery, patterns, tools and chattel and personal property in and on said premises, of every name and nature, including the book accounts and promissory notes pertaining to or growing out of said foundry or the foundry business heretofore of B. T. Frederick & Co." *Held*, that the description was sufficiently broad to cover an amount due said firm from one of the partners for sums drawn out by him in excess of what he was entitled to receive.

5. **Mortgage**: RENEWAL NOTE: LIEN. The extension of time upon a mortgage indebtedness by the acceptance of a new note or bond does not operate as a release of the mortgage lien in the absence of evidence that such was the intention of the parties.

6.  ——: BONA FIDE PURCHASER: NOTICE. F. and G. being engaged
in business as copartners, G. obtained a loan of the plaintiff for
which he gave his bond, with F. as surety, and further secured the
same by a mortgage upon his undivided one-fourth interest in the
partnership property. Two-thirds of the loan thus obtained was
given to F. on account of G.'s indebtedness for his interest in the
partnership business. Subsequently S. purchased the entire part-
nership property with notice of the plaintiff's mortgage. *Held*,
that the lien of said mortgage was superior to any claim of F. on
account of any debts due from G. to the firm, and S. acquired no
higher interest by the purchase of F.'s interest in the partnership
property.

7.  **Attorney Fees:** AFFIDAVIT BY MEMBER OF FIRM. Where the
plaintiff in an action upon a bond providing for attorney fees as
represented by two or more attorneys in copartnership, the affida-
vit as to the absence of any agreement for a division of the fee that
may be allowed may be made by one of such attorneys for the firm.

8.  ——: EVIDENCE AS TO WHAT IS REASONABLE. In an action upon
a note or bond, the amount due being ascertained, the attorney's
fee may be fixed by the court without proof of what would be
reasonable in such case.

9.  **Mortgage:** FORECLOSURE: DECREE. A decree in foreclosure of a
mortgage upon personal property consisting of the machinery and
materials of a copartnership engaged in operating a foundry, which
describes the property substantially as described in the mortgage,
and directs a sale of so much thereof as was owned by the firm
upon a date named, is sufficiently specific.

*Appeal from Marshall District Court.*—HON. D. R.
HINDMAN, Judge.

MONDAY, FEBRUARY 9, 1891.

ACTION in equity to recover the amount due on a
mortgage bond, and to foreclose the mortgage. There
was a trial by the court, and a decree in favor of the
plaintiff, as prayed. The defendants, A. E. Shorthill
and wife, appeal.—*Affirmed.*

*Boardman & Bradford* and *J. L. Carney*, for
appellants.

*J. F. Meeker* and *Binford & Snelling*, for appellee.

ROBINSON, J.—From the year 1878 until March, 1888, B. T. Frederick and John M. Gilchrist were associated together as partners under the name of B. T. Frederick & Co. The firm carried on a foundry and machine shop in Marshalltown. Frederick owned three-fourths of the business, and the property with which it was carried on, and Gilchrist owned the remainder. The title to an undivided three-fourths of the real estate used in the business was vested in Frederick, and the title to the remainder was vested in Gilchrist. On the tenth day of October, 1881, Gilchrist made to plaintiff a mortgage bond for the sum of three thousand dollars, which was signed by Frederick as surety. To secure its payment Gilchrist and wife executed to the plaintiff a mortgage on his share of the partnership property, including his interest in the real estate used by the firm. Of the money procured by means of the bond and mortgage, two thousand dollars were paid to Frederick on account of a debt due him from Gilchrist for the purchase price of his interest in the property used by the firm. On the tenth day of October, 1884, the bond being due and unpaid, Gilchrist and Frederick, for the purpose of extending the loan, made a new bond to the plaintiff, and the old one was surrendered. In March, 1888, Frederick concluded a sale to the defendant, A. E. Shorthill, of all his interest in the property and business of B. T. Frederick & Co., including his title to the real estate used by it. In November, 1888, Gilchrist sold and conveyed to Shorthill his interest in the business of the firm, and in the property used by it. This action is brought to recover the amount due on the second bond, and to foreclose the mortgage given to secure the indebtedness represented by the first bond, and for an attorney's fee.

The appellant Shorthill claims that, at the time of his purchase from Frederick, Gilchrist had overdrawn his share of the assets of the firm, and was owing on that account more than three thousand dollars; that by virtue of the assignment from Frederick the appellant

became entitled to recover that amount from Gilchrist, and that he acquired that right without knowledge or notice of the claims of the plaintiff; that he is entitled to a lien upon Gilchrist's share of the property of the firm, as it existed in March, 1888, and thereafter until it was sold to Shorthill; that all the property which the plaintiff claims is included in her mortgage is partnership property, and, therefore, that his lien is paramount to the lien of the mortgage. The district court found that Frederick did not sell to Shorthill the claim upon which he demands relief, and rendered judgment in favor of the plaintiff for thirty-five hundred and six dollars and seventy-five cents, an attorney's fee of seventy-five dollars and costs, and decreed the foreclosure of the mortgage as to the real property therein described, and as to an undivided one-fourth of all stock, assets and material of the firm of B. T. Frederick & Co., as they existed on the fifteenth day of February, 1888.

I. A commission was issued on the application of the plaintiff to take the deposition of Frederick and his wife in San Diego, California. But five days' notice of the suing out of the commission was given to the defendants, and they did not appear in response to the notice, nor file cross-interrogatories. The depositions were taken as directed by the commission, and returned to the clerk of the district court. The defendant filed a motion to suppress the deposition, which was overruled, and that ruling is presented for review. Reasonable notice of the suing out of a commission to take depositions must be given to the adverse party. Code, sec. 3727. Such notice "is at least when served on the attorney ten days, and when served on the party within the county five days." Code, sec. 3730. The notice in this case was served on the defendants in the county of Marshall. The appellants contend that "the county" referred to in the statute is the county within which the depositions are to be taken, and cite *Kennedy v. Rosier*, 71 Iowa, 671, as supporting that claim. That was a case where

*1. EVIDENCE: depositions: notice.*

depositions were taken on notice only, and not on com-
mission. It is the practice in such cases for parties in
interest to attend the examination of witnesses person-
ally or by attorney, and it is their right so to do. But
when depositions are taken on commission, with inter-
rogatories attached, neither party can attend in person,
nor by attorney, unless the adverse party is present or
is represented. Code, sec. 3738. It is not the intent of
the statute to allow the person on whom the notice is
served in such cases time in which to reach the place
where the depositions are to be taken, before the com-
mission issues, nor is it designed to allow time for him
to communicate with the witness before filing his cross-
interrogatories. If he is surprised by the testimony
given, he may have the right to a continuance, but he is
entitled only to the time given by the statute for filing
his cross-interrogatories. That, in our opinion, when
notice of suing out the commission is served on a party
within the county from which the commission is to issue,
is five days.

II. The certificate of the notary who took the depo-
sitions states that they were taken before him, and
reduced to writing in his presence, by
"Delia Lewis." It is not shown that she
was not the agent or attorney of the
plaintiff, and the appellant contends that the deposi-
tions should have been suppressed for that reason. But
it is not shown that she was such agent or attorney, and
under the rule announced in *Turner v. Hardin*, 80
Iowa, 691, the objection made is not well founded.

*2. ——: ——: pres-
ence of third
persons: cer-
tificate.*

III. The property upon which the mortgage of the
plaintiff was given is described as follows: ".The
undivided one-fourth (1-4) of lots, number
one, two and three (1, 2 and 3), in block
number twenty-five (25), in the original
town of Marshall, now known, with its additions, as the
city of Marshalltown, including the undivided one-fourth
(1-4) of all buildings and machinery therein, and all
fixtures, and the undivided one-fourth of all stock,
assets and material of the firm of B. T. Frederick &

*3. MORTGAGE:
certainty of
description:
validity.*

Co., being the said John M. Gilchrist's interest in the property of said firm, or that may hereafter be acquired." It is also described as situate in the county of Marshall, in the state of Iowa.

The appellants claim that the description, so far as it relates to personal property, is void for uncertainty. We do not think the claim is well founded. A person reading it, and seeking to know what it included, would be apprised in the beginning that the property was in Marshall county, and that it formed a part of the assets of the firm of B. T. Frederick & Co. It is not suggested that there was more than one firm bearing that name in that county. By making inquiries which the description naturally suggests, he would learn that the firm named was doing business on the real property described in the mortgage. There would be no more difficulty in ascertaining what property the mortgage was designed to include than there would had the place of business of the firm been described. The articles constituting the " stock, assets and material " of the firm were not specified, it is true, but we do not think that was necessary. From the description given it was capable of identification. *Rhutasel v. Stephens*, 68 Iowa, 627; *Wells v. Wilcox*, 68 Iowa, 708; *McGarry v. McDonnell*, *post*, p. 732. The word " or," in the last phrase of the description, was evidently designed to have the force of " and," and may be so read. *Eisfeld v. Kenworth*, 50 Iowa, 389; *Dumont v. United States*, 98 U. S. 142. The description is sufficient, as between the parties to the instrument, and as to all parties having notice of it.

IV. The property conveyed by Frederick to Short-hill was described in the instrument of conveyance as

4. DEED: description: construction.

follows: " The undivided three-fourths of lots 1, 2 and 3, in block 25, in the town of Marshall, as per recorded plat, being the property known as the 'Foundry;' also the undivided three-fourths of all the machinery, patterns, tools and chattel and personal property in and on said premises, of every name and nature, including the book-accounts and promissory notes pertaining to or growing out of

said 'Foundry,' or the foundry business heretofore, of B. T. Frederick & Co." It is said that Frederick did not intend to convey to Shorthill his interest in the amount Gilchrist owed for sums he had drawn from the firm in excess of what he was entitled to receive. Frederick and his wife testify that it was not the intent to assign that claim, but that it was expressly reserved. Their testimony is contradicted by Shorthill. When the sale was made to Shorthill the books of the firm showed a balance due to it from Frederick of twenty-eight thousand, three hundred and eighty-five dollars and sixteen cents, and from Gilchrist of thirteen thousand, six hundred and thirty-five dollars and twenty-six cents. Shorthill and Gilchrist divided the amount of the two balances by four, and agreed that the difference between the quotient and the balance due from Gilchrist represented the amount he owed Shorthill as the assignee of Frederick. That difference is thirty-one hundred and thirty dollars and sixteen cents, and it is for that sum that Shorthill claims a lien on the mortgaged property senior to that of the plaintiff. When Frederick made the assignment to Shorthill, there had been no settlement of the partnership matters. The books of the firm showed nominal assets in the form of credits to the partners. The value of those credits, as assets, could be determined only by a settlement of the partnership business. Hence, when Frederick conveyed to Shorthill the "undivided three-fourths of all * * * the book accounts and promissory notes pertaining to or growing out of" the firm business, he in fact conveyed any claims which might be found due him from his partner on final settlement of their business. That such was the intent of Frederick is shown, not only by the very comprehensive language used in the instrument of conveyance, but also by a letter he wrote after the sale had been agreed upon, but before it was completed. The letter was written to his agent at Marshalltown, and contains a reference to the sale, as follows: "Well, Glick, All. [meaning Shorthill] has done me up, and I have sold him the shop, ground, stock, books

and the whole business." That statement is not consistent with the claim he now makes in regard to a reservation. We conclude from an examination of the entire record, that the balance found to be due from Gilchrist was included in the assignment to Shorthill.

V. Shorthill denies that the mortgage to plaintiff is of any validity, and denies that he had any knowledge of it when he purchased of Frederick.

5. MORTGAGE: renewal note: lien.

The cancellation and surrender of the first mortgage bond, in the absence of an agreement to that effect, would not discharge the mortgage, but it continued in force as security for the second bond, given as it was, for the purpose of extending the loan. *Swan v. Yaple*, 35 Iowa, 248; *Thorpe v. Durbon*, 45 Iowa, 192; *Heively v. Matteson*, 54 Iowa, 505; *Fetes v. O'Laughlin*, 62 Iowa, 532. The preponderance of the evidence is to the effect that it was the intention and agreement of the parties that the mortgage should stand as security for the new bond.

VI. The mortgage was not recorded in the chattel mortgage records. But it is shown that Shorthill knew

6. ——: bona fide purchaser: notice.

of its existence when he purchased the interest of Frederick. He admits that he had heard of it at that time, and by letter and conversation he has shown that he considered the interest he acquired in the property in controversy subject to the mortgage. The conveyance from Gilchrist to him provided that it was "subject to a mortgage of three thousand dollars to Mary Cook, which J. M. Gilchrist agrees to pay." Frederick consented to the mortgage when it was given, and agreed that it should be continued as security for the bond in suit. That he had a right to do so, is beyond question. What he did had the effect to make the mortgage paramount to any claim or right he may have had to subject the property upon which it was given to the payment of the debts of Gilchrist to the firm, or to him on firm account. Shorthill acquired no rights from Frederick which he did not possess. As he states, he simply stepped into

Frederick's shoes, and he is entitled to no relief against the plaintiff which Frederick could not have obtained.

VII. The appellants complain of the allowance of an attorney's fee of seventy-five dollars. The bond and

7. ATTORNEY fees: affidavit bv member of firm.

mortgage provide for the payment of a reasonable attorney's fee in case of suit. The attorneys who commenced the action were Binford & Snelling. An affidavit of the junior member of the firm was filed, which states, in effect, that neither the firm nor either member thereof had made any agreement with plaintiff, nor with anyone else for a division of the attorney's fees in the case, and that the fees had not been paid. We do not think it was necessary for both members of the firm to make the affidavit required by statute. In the absence of a showing to the contrary, each will be assumed to know what the agreements of the firm are. The affidavit does not recite that there is no agreement, "express or implied," but the language used necessarily included all agreements, and is sufficient.

VIII. No evidence as to what is a reasonable fee was submitted, but none was required. The amount

8. ——: evidence as to what is reasonable.

due on the bond was ascertained, and the attorney's fee authorized may be fixed by the court without other proof of what is reasonable than that contained in the record. Acts, 18th Gen. Assem., ch. 185. The cases · of *Bank v. Krance*, 50 Iowa, 235, and *McIntyre v. Cagley*, 37 Iowa, 676, did not arise under the statute cited.

IX. The decree directed the foreclosure of the mortgage as to the personal property owned by the firm

6. MORTGAGE: foreclosure: decree.

of B. T. Frederick & Co., on the fifteenth day of February, 1888. The appellants complain that there was no reason for fixing that date, and that the decree was not sufficiently specific as to the property included within its provisions. The date named seems to have been selected for the reason that the negotiations between Frederick and Shorthill seem to have been commenced at about that

time.   But whether it is the exact date of the purchase
of Shorthill is immaterial.   If the decree applies to
property which he did not purchase, or if he purchased
property which the decree does not affect, he is not
injured.   The decree described the property substan-
tially in the terms of the mortgage, and is sufficient.

X.   We have considered the controlling questions
in the case.   While our finding as to what passed by
the sale from Frederick to Shorthill is not the same as
that of the district court, yet in finding that the lien of the
plaintiff is paramount to the interest acquired of Short-
hill in the mortgaged property we reach the same
result.

The decree of the district court is AFFIRMED.