(93 N.W. Rep. 918)

---

## ANDREAS UELAND *v*. MICHAEL DEALY, *et al.*

---

**Depositions—Exceptions.**

In this action, pursuant to a stipulation between counsel, plaintiff took certain depositions, and the same were returned and filed with the clerk of the district court. Defendant's counsel, two days before the trial commenced, filed with the clerk an exception to said depositions, and alleged as ground of exception that "the depositions were not taken in proper time." This exception was not presented until the case was called for trial on the merits. *Held*, that the exception was insufficient, in this: that it did not specify wherein and in what particular the deposition was not taken in proper time.

**Objection Insufficient.**

It appears that the notary, in taking the depositions, adjourned over one whole day, and that was the true ground of the exception. *Held*, that the true ground of the objection to the deposition was not specified in the written exception filed with the clerk, and hence that the exception was insufficient, under section 5687, Rev. Codes 1899.

**Technical Objection not Sustained when Prejudice not Shown.**

No claim was made that the defendant attempted to appear before the notary who took the depositions, or desired to be present when the depositions were taken, and no evidence is submitted tending to show that the defendant was in anywise prejudiced by the adjournment to which he makes objection. *Held*, further, that an exception to a deposition, made on strictly technical grounds, should not be sustained in the absence of any showing of prejudice.

**Findings of Fact Sustained by the Evidence.**

> Evidence examined, and *held* that the findings of fact made and filed in the district court are sustained by the evidence.

Appeal from District Court, Rolette county, *D. E. Morgan, J.*

Action by Andreas Ueland, receiver of the Washington Bank, against Michael Dealy and S. A. Dealy. Judgemnt for plaintiff.

Defendants appeal. Affirmed.

*Bosard & Bosard,* for appellants.

*John Burke,* for respondent.

WALLIN, C. J. This action is brought to foreclose a mortgage upon real estate which was given by the defendants to secure their note for $2,000, dated June 22, 1891, and made payable to the firm of Haugen, Johnson & Co., which note was transferred by the payees thereof to the Washington Bank of Minneapolis, which bank, having become insolvent, is now in the hands of Andreas Ueland, this plaintiff, as receiver. The action was tried without a jury, and is now in this court to be tried anew on all the issues.

Certain depositions were taken in behalf of the plaintiff under a stipulation made between counsel as follows: "It is hereby stipulated and agreed by and between the plaintiff and the defendants in the above-entitled action that the deposition of Andreas Ueland, John H. Field, and August Ekman, to be taken before Lewis R. Larson, a notary public, at his office at No. 1016 New York Life Building, in the city of Minneapolis, and state of Minnesota, on Monday, the 20th day of March, 1899, at 10 o'clock in the forenoon of the said day, and to continue from day to day until concluded. Said deposition to be used in the trial of said action." These depositions were taken and the same were on file with the clerk of the district court on December 21, 1899, at which date counsel for the defendants filed with said clerk certain objections to the depositions and to the reading thereof. The only objection which is now urged is couched in the following terms: "Said depositions were not taken at the proper time." This objection was not presented to the trial court until the case was called for trial on December 23, 1899. A proper disposition of the question of practice presented by this objection will require a brief reference to the provisions of the Code relating to depositions. Section 5687, Rev. Codes 1899, contains a special provision governing exceptions to depositions, and provides for two modes of taking such exceptions: Where the exception is on the ground of incompetency or irrelevancy, the same may be taken when the deposition is offered in evidence. As to other exceptions the statute provides as follows: "Other exceptions to a deposition must be made in writing, specifying the grounds of objection and filed in the cause before the commencement of the trial." The next section (section 5688) expressly authorizes the court "on motion of either party to hear and decide exceptions of this

kind before the commencement of the trial." The obvious purpose of this last-cited provision of the Code is to facilitate the hearing before trial of exceptions to depositions, whether the same are substantial or merely technical. This policy of the statute is in furtherance of justice, inasmuch as great hardship and injustice might result if a deposition relied upon by counsel should for some reason, and perhaps· for a purely technical one, be suppressed in the midst of a trial upon the merits. To avoid any such result, the courts of New York have established the rule that motions to suppress depositions will not be heard at the trial in cases where the objection is known, and where there was opportunity to make the objection before trial. See *Newton v. Porter,* 69 N. Y. 133, 25 Am. Rep. 152; *Wright v. Cabot,* 89 N. Y. 572. We think this wholesome rule should be applied in this state, and, if applied to the facts of this case, the objection to the depositions was presented for determination too late, inasmuch as it was not presented until the case was opened for trial on the merits, and this in a case when the objection to the depositions was known and filed at least two days prior to calling the case for trial. But upon the merits of the objection we regard the exception taken to the depositions as untenable. The objection is extremely technical in its character, and there is neither showing nor claim that defendants have been in any wise prejudiced in their substantial rights in the matter of taking the depositions. But we think the exception taken was too vague and general in its character, in this: that it omits to specify wherein the same was not "taken at the proper time." The statutory requirement is mandatory, and is obviously intended to compel the objecting party to point out and specify the precise ground and reason for the exception. The true reason and ground of the objection, as developed by appellants' counsel in his brief, is not named in the objection filed with the clerk of the district court, viz., that in the process of taking the deposition there was one adjournment extending over one whole day, and hence the adjournments were not from day to day, as the statute requires, and as was provided for in the stipulation of counsel, The specification filed omits any mention of the matter of the adjournments had in taking the several depositions. Hence the objection relied upon in this court omits to conform to the statutory requirement found in section 5687, *supra,* in this: that it omits to specify the ground of the objection. The objections filed are vague and general, and no one can gather from them wherein or in what particular the depositions were not taken at the "proper time." As a matter of fact, the depositions were not required, under the law or the stipulation, to be completed upon any particular day. The stipulation required that the depositions should be taken at the day and hour named, and that the matter could be adjourned from day to day. The record shows that the work of taking the depositions actually began at the day and hour named, and, not being completed on that day, the matter was adjourned to the following day, and upon the following day an adjournment was again taken over one full day,

and was then finished. Defendants did not appear at any time, nor is it claimed that they attempted or desired to appear. But aside from the statute, the rule is well established that a motion to suppress a deposition must be specific in alleging the ground of the motion. If the ground is alleged vaguely and only in general terms, the motion to suppress will be denied. This rule is sustained by a decided preponderance of cases. See *Murray* v. *Phillips,* 59 Ind. 56; *Fitzpatrick* v. *Papa,* 89 Ind. 17; *Blunt* v. *Williams,* 27 Ark. 374; *Darby* v. *Heagerty* (Idaho) 13 Pac. Rep. 85. And see, generally, 6 Enc. Pl. & Prac. 587, 588, and *Morrill* v. *Moulton,* 40 Vt. 242. And this court has applied the rule that a purely technical objection to a deposition should be overruled, in the absence of any claim of prejudice. *Moore* v. *Booker,* 4 N. D. 543, 62 N. W. Rep. 607. Our conclusion is that the exception to the depositions is insufficient, and that the same must be overruled, and hence the depositions will be received in evidence.

This conclusion brings the court to a consideration of the merits of the case, and, upon the merits, counsel concede that the decision will necessarily turn wholly upon a single question of fact. That question, roughly stated, is whether the debt secured and intended to be secured by the mortgage above described has or has not been paid. It is the contention of the defendants' counsel that the same has been fully paid, and hence that the mortgage should be surrendered and canceled. On the other hand, it is the plaintiff's contention that the debt secured and intended to be secured by said mortgage has never been paid, and hence that the mortgage is and continues to be a valid and subsisting security for the debt. But to properly present this question a brief narration of certain uncontroverted facts becomes necessary. When the mortgage was executed and sent to the firm of Haugen, Johnson & Co., the owners of the Washington Bank of Minneapolis, the defendants were the owners of the lands, and were also the principal stockholders of the Bank of Rolla, N. D.; and it is conceded that the note and mortgage were made to obtain a credit for the Bank of Rolla. The $2,000 note and mortgage were sent to Minneapolis by mail, but the amount of the note was not advanced or loaned to the defendants; but later, and in the month of July, 1891, the defendants made their promissory note for $1,500 in favor of Haugen, Johnson & Co., due in four months, and drawing 8 per cent. interest, and delivered said note to said firm, whereupon it was expressly agreed that said note for $1,500 should be secured by said $2,000 note and mortgage, and the same were accordingly kept and retained as collateral to the loan evidenced by the $1,500 note. The point is in dispute, but we think the evidence shows that the defendants originally asked for a loan of $2,000, and that a loan for that amount was declined, whereupon the defendants accepted the loan evidenced by the $1,500 note, and then such loan was made, and the amount thereof ($1,500) was, at the defendants' request, credited on the books of the Washington Bank to the account of the Bank of Rolla. After this credit was opened, the Washington Bank and the Bank of Rolla continued to do business with each other, and their transactions were quite

numerous and of considerable volume; and such transactions continued until a settlement was had between the banks on the 15th day of December, 1893, at which date there was a conceded balance of $4,600 due from the Bank of Rolla to the Washington Bank, and for which amount the Bank of Rolla on said date gave its note at four months; and there is no dispute as to the fact that the maker of the note, the Bank of Rolla, is now indebted to the plaintiff, as receiver, to the full amount of said note, with interest added. The whole controversy turns upon the question whether the note and mortgage for $2,000, which, concededly, were originally put up by the defendants as collateral to secure a loan of $1,500, was or was not, by agreement between the parties, to be retained by the Washington Bank as collateral security for any balance of indebtedness which might arise or become due from the Bank of Rolla to the Washington Bank. The evidence upon this crucial question of fact is very voluminous, and the same is likewise conflicting. The record shows that numerous notes were sent from the Bank of Rolla to the Washington Bank, and that some were returned, and that others which were secured had been collected by foreclosure proceedings; but it appears from the evidence that the original debt was never wiped out by actual payment, and that, on the contrary, the debt continued to increase in amount until the settlement on December 15th, at which time the settlement note for $4,600 was made and delivered. We have given proper consideration to the evidence contained in the record, and our conclusion is that the fact appears by a fair preponderance of the evidence that the $2,000 note and mortgage were, by an agreement between the parties, left with the plaintiff bank as collateral to secure that bank for any balance of indebtedness which might, in their dealings, arise or become due from the Bank of Rolla. The fact is in dispute, but we think the decided weight of the evidence' tends to establish the fact that the Bank of Rolla did not, nor did the defendants, at any time prior to the commencement of this action, demand or request the plaintiff bank, or any of it officers or agents, to return the note and mortgage to the Bank of Rolla. This fact, standing alone, might not be of decisive importance. Nevertheless we deem it to be significant, as denoting the understanding existing between the two banks with reference to the custody of the $2,000 note and mortgage, and the purpose for which it was permitted for so long a period of time to remain in the custody of the Washington Bank.

The conclusion we have reached upon the decisive question of fact involved, viz., that the parties agreed that the $2,000 note and mortgage was to be kept and retained by the plaintiff as security, was likewise reached by the learned trial court, and embodied in its findings. We deem this fact to be of some weight, especially as this conclusion was reached by the court below after it had excluded from its consideration a large and material portion of the plaintiff's testimony, by sustaining the defendants' exceptions to the plaintiff's depositions. In this court, for reasons above given, we have overruled the defendants' exceptions and admitted all the evidence of the plaintiff which

was excluded by the district court. The plaintiff's case, therefore, is much stronger upon the evidence before this court than it was as presented to the court below ; and yet, as we have stated, the result is the same in both courts.

We find no error in the judgment entered in the trial court, and the same is therefore in all things affirmed. All the judges concurring.

MORGAN, J., having presided at the trial of the above-entitled case, took no part in the above decision; Judge FISK, of the First judicial district, sitting in his place by request.