# F. A. PATRICK & COMPANY v. HERMAN NURNBERG.

(131 N. W. 254.)

**Appeal and Error — New Trial — Verdict — Evidence.**

1. Where no motion for new trial is made, the sufficiency of the evidence to sustain a verdict cannot be reviewed.

**Appeal and Error — Statement of Case — Specification of Errors.**

2. Where no specification of error is incorporated in the statement on appeal, the statement will be disregarded.

**Appeal and Error — Absence of Motion for New Trial and Specification of Errors — Review on Judgment Roll.**

3. Where no motion for new trial was made, and no specification of error incorporated in the settled statement of the case, this court disregards the statement settled, and will not review the evidence or rulings thereon during the trial, and reviews only the errors apparent from the judgment roll.

**Depositions — Reduction to Writing — Certificate — Error Without Prejudice.**

4. A motion to suppress a deposition on the ground that the certificate thereto does not state that the deposition was reduced to writing, or name the person reducing it to typewriting, should be denied in the absence of some showing of prejudice in support of the motion.

**Depositions — Presumption of Regularity — Rebuttal — Evidence.**

5. A presumption in favor of regularity of taking deposition, and proper performance of duty by the officer taking same, applies in the absence of proof to the contrary; and the burden to rebut such presumption is upon the party seeking to suppress the deposition.

Depositions — Presumption of Regularity — Certificate.

6. In the absence of proof it will be presumed the officer taking the deposition, or the witness testifying by deposition, reduced the same to writing, and the testimony may be examined to supplement the officer's certificate in such respect.

Opinion filed April 7, 1911.   Rehearing denied May 6, 1911.

Appeal from District Court, Stutsman county; *Burke,* Judge.

Action by F. A. Patrick & Company against Herman Nurnberg. Judgment for plaintiff, and defendant appeals.

Affirmed.

*John U. Hemmi,* for appellant.

Motion to suppress before jury is called is in time.   Walters v. Rock, 18 N. D. 45, 115 N. W. 511; Anderson v. First Nat. Bank, 6 N. D. 497, 72 N. W. 916.

Substantial compliance with law as to certificate to deposition is required.   13 Cyc. Law & Proc. pp. 943, 944, 981.

Incompetent evidence in a deposition may be excluded at trial.   Raymond v. Edelbrock, 15 N. D. 231, 107 N. W. 194.

*Oscar J. Seiler* and *A. W. Aylmer,* for respondent.

Unless assignments of error refer to proper folios of abstract, they will not be noticed.   McLaughlin v. Thompson, 19 N. D. 34, 120 N. W. 554; State v. School Dist. No. 50, 18 N. D. 616, 138 Am. St. Rep. 787, 120 N. W. 555; Flora v. Mathwig, 19 N. D. 4, 121 N. W. 63; Pendroy v. Great Northern R. Co. 17 N. D. 433, 117 N. W. 531.

Substantial compliance with law in certifying depositions is all that is required.   4 Enc. Ev. p. 440 (B) 82; 13 Cyc. Law & Proc. p. 952 (17) 34; Moore v. Booker, 4 N. D. 543, 62 N. W. 607; Ueland v. Dealy, 11 N. D. 529, 89 N. W. 325.

Goss, J.   Defendant appeals from a judgment rendered against him in the district court of Stutsman county.   This action is for money only, brought for goods sold and delivered, and was tried to a jury.   No motion for new trial, as required by § 7226 of the Revised Statutes of North Dakota for 1905, was ever made or brought on for hearing, and therefore the sufficiency of the evidence to support the verdict cannot be inquired into.   Nor was any specification of error embodied in or settled as a part of the statement of the case, as provided by § 7058, N.

D. Revised Statutes 1905, and the statement should be wholly disregarded. Consequently, there is but little before this court for review, as the errors urged are to matters occurring during the trial in the admission of testimony, no error based on the judgment roll being alleged. Jackson v. Ellerson, 15 N. D. 533, 108 N. W. 241; Bertelson v. Ehr, 17 N. D. 339, 116 N. W. 335; Landis Mach. Co. v. Konantz Saddlery Co. 17 N. D. 310, 116 N. W. 333; Hedderich v. Hedderich, 18 N. D. 488, 123 N. W. 276.

However, as the error complained of consists of the court's refusal to suppress a deposition, we will pass upon that matter. Appellant questions the sufficiency of the certificate of the notary authenticating the deposition. Our statute (§§ 7284, 7285) regulates the authentication and certification of depositions. The deposition in question was taken pursuant to legal and sufficient written notice, and at the time and place designated in the notice, and was subscribed by the witness in the presence of the officer certifying thereto, after the witness was duly sworn to testify the truth; all of which appears from the certificate of the notary taking such deposition. But such certificate omits to certify that the deposition was reduced to writing by some proper person, and omits to name the person so reducing the deposition to writing, failing to comply with subdivision 2 of § 7285 of the Revised Statutes of 1905. The deposition was in all other respects properly taken and certified. It had been filed with the clerk more than a month prior to the trial, without exceptions being filed thereto. After the term of court at which the case was tried had been in progress for a period of eight days, defendant's counsel filed written exceptions to the depositions, asking their suppression because of the failure of the certificate to conform to the statutory requirements in the particulars above recited. Such objections were brought to the attention of the court at the time the case was called for trial, when the court overruled the motion then made for the suppression of the deposition. There is some question whether the motion to suppress was brought on for hearing before the trial of the case was actually begun, but we will take it for granted the written objections taken and motion to suppress transpired before the commencement of the trial, and determine whether the omission of the certificate to state that the deposition was reduced to writing by some person named therein necessarily requires the suppression of the deposition, in the absence of any showing of prejudice result-

ing from noncompliance with the statute. This question of practice should be settled, and we pass upon it.

The statute quoted prescribes the rules under which depositions may be taken, and designates that "the officer taking the deposition shall annex thereto a certificate showing the following facts: . . . (3) that the deposition was reduced to writing by some proper person, naming him." Notwithstanding the language of the statute is mandatory, the statute is one regulating civil procedure, and is construed to be directory, as similar statutes are usually interpreted to be when providing a method or manner only of procedure, in the absence of some strong reason for a contrary construction. A substantial compliance with the statute is all that is required, and in determining such compliance the court is not limited to the officer's return, but may supplement it by anything appearing in or from the deposition itself. Accordingly, while the certificate did not state that the depositon was reduced to writing by some proper person named, the deposition shows for itself that it was reduced to writing, or rather, was typewritten. The presumption then applies that either the notary taking the deposition or the witness so testifying reduced the deposition to writing; in either of which cases had the certificate so recited, the deposition would not, because thereof, be subject to attack, as either the notary taking the deposition or the witness himself would be a proper person to reduce the deposition to writing. The presumpton in favor of regularity of proceedings, and proper performance by the officer of his duties in taking the deposition, also applies in the absence of evidence by notarial certificate or otherwise to the contrary; and the burden is on the party moving to suppress the deposition to overcome such presumption, otherwise the presumption applies and establishes the admissibility of the deposition. The following cases are the holdings of the various states having statutes similar to ours, on this same question:

Imboden v. Richardson, 15 La. Ann. 534, held "that the presumption of law is that the magistrate did his duty, and that the answers were written either by himself or by a person not interested in the event of the suit, and that the burden of proof was on the party objecting to rebut this presumption." And Blair v. Collins, 15 La. Ann. 683, to the effect that "it is not necessary that it should appear by whom the deposition was written." See also Horton v. Arnold, 18,

Wis. 213; Winton v. Little, 94 Pa. 64, that "it is to be presumed that the depositions were properly reduced to writing, and subscribed by the witnesses, until the contrary was shown," and, the certificate not reciting such facts, the presumption applied, following Piper v. White, 56 Pa. 90, in which the certificate had the same omission as in the case on trial; and the court said: "It must be presumed that the deposition was correctly taken and reduced to writing by the justice or on his authority." Also Barron v. Pettes, 18 Vt. 385, in which the court considers the act of taking the deposition by the magistrate "as prima facie evidence both of its official character and the regularity of the proceedings." And Jolliffe v. Collins, 21 Mo. 338, to the effect that a certificate to a deposition that it was reduced to writing in the presence of the witness, and subscribed in the presence of the officer, is sufficient, although it omits to state that it was reduced to writing in the presence of the officer, as required by the statute. And also Turner v. Hardin, 80 Iowa, 691, 45 N. W. 758, and Cook v. Gilchrist, 82 Iowa, 277, 48 N. W. 84, holding "the burden is upon the party attacking the deposition to show that the party reducing the same to writing was interested in the event of the action as the attorney or agent of the opposite party;" to the same effect is the decision of our own court in Moore v. Booker, 4 N. D. 543, 62 N. W. 607, and cases cited therein. See also Ueland v. Dealy, 11 N. D. 529, 89 N. W. 325, to the effect that "this court has applied the rule that a purely technical objection to a deposition should be overruled in the absence of any claim of prejudice," following Moore v. Booker. To the same effect is Burrill v. Watertown Bank & Loan Co. 51 Barb. 105; Cheney v. Woodworth, 13 Colo. App. 176, 56 Pac. 979.

Where the depositions as a whole, including the answers, construed with the certificate authenticating them, show a substantial compliance with the statute, the deposition will not be suppressed. Missouri, K. & T. R. Co. v. Denton, 29 Tex. Civ. App. 284, 68 S. W. 336; Thrasher v. Ingram, 32 Ala. 645, holding a similar statutory provision to be "a general direction to the commissioner as to rules to be observed by him" in taking a deposition, and directory; and that the answers given by the witness supplement the certificate of the officer to the depositions to the effect that both the answers and the certificate may be considered in determining the manner of the taking of the deposition, and this even when the statute required the certificate of the com-

missioner should affirmatively show that the statute has been complied with in each and every particular as to the manner of taking of the deposition. We quote from this opinion: "We adopt this construction the more readily because we can perceive no possible good that can come of the more rigid construction. The commissioner who would be either ignorant or corrupt enough to permit answers to be improperly written down would be equally liable to authenticate them with a formal certificate." This reasoning applies with full force. The same tendency is apparent in the later United States decisions showing that those courts depart from the former strict construction of the statute and Supreme Court rules, under which depositions to be admitted formerly had to comply rigidly with the statute and court rule under which they were taken. See Egbert v. Citizens' Ins. Co. 2 McCrary, 386, 7 Fed. 47; Keene v. Meade, 3 Pet. 1, 7 L. ed. 581.

A substantial compliance with the statute prescribing the manner of taking and the certification of depositions is all that is generally required. See 6 Enc. Pl. & Pr. pp. 544, 545; 13 Cyc. Law & Proc. pp. 952–973; and 4 Enc. Ev. p. 440. See also 16 Century Dig. cols. 1146–1151.

The foregoing and all of the authorities are to the effect that on a motion to suppress a deposition, in the absence of a showing of prejudice, or facts from which prejudice may be presumed, or some reason affirmatively appearing other than the enforcement of technical rule of court or statute, a deposition will not be suppressed. The suppression of evidence otherwise admissible is not regarded with favor by courts and similar tribunals. The policy of the law in prescribing statutory or rule of court requirements in such matters should be construed in connection with the purpose for which they are prescribed; that is, to require uniform procedure in perfecting and presenting proof, at the same time so surrounded by safeguards as to prevent false or manufactured testimony being offered or ready opportunity therefor be afforded.

We conclude the certificate to the deposition was sufficient, and the ruling of the court correct. The judgment of the trial court is accordingly affirmed.

All concur, except MORGAN, Ch. J., not participating.

BURKE, J., being disqualified, HON. CHAS. A. POLLOCK, Judge of the Third Judicial District, sat by request.