### In re BAYER.

Court of Customs and Patent Appeals.
October 4, 1929.

Patent Appeal No. 2134.

E. W. Shepard and Wm. S. Hodges, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge. The mechanism involved in this appeal constitutes alleged improvements in hospital beds. The issue is comprehended in a single claim numbered 8, which reads as follows:

"Claim 8. In a bedstead, the combination of a main supporting frame comprising a pair of side rails, a back rest tiltable on said frame on a horizontal axis substantially coincident with the plane of the side rails, comprising a pair of side bars normally resting upon and over the side rails, and provided with a normally horizontal flexible flat bed fabric substantially coinciding with said axis and connected directly to the side bars, said rest when horizontally disposed constituting an active part of the bed bottom, a shaft pivoted on a horizontal axis which is located a sufficient distance below the normal horizontal surface of the bed bottom to avoid contact with the fabric when the bed is occupied, arm means fixed to said shaft between the side rails, links connecting the end of the arm means with inner parts of the respective side bars in such position that the link clears the rail when the rest is horizontal, an arm fixed to and depending from said shaft and manually operable means for rocking said shaft comprising a stationarily mounted rotary member slightly rockable on said frame, a screw and a nut fitting said screw, one of said two last-named elements being axially nonrotatable but horizontally pivoted to the lower end of the depending arm and the other being carried by the rotary member."

It was rejected by the single Examiner, by the Board of Appeals, and finally by the Commissioner through Acting Commissioner Kinnan.

First and last thirteen different patents were cited in the rejections, but it seems to be agreed that in the final determination only three of these are insisted upon as controlling references, and we have confined ourselves to an examination of those in considering and determining the case. They are: Smidt et al., 175,515, March 28, 1876; Miller, 359,-879, March 22, 1887; Bradley, 1,218,519, March 6, 1917.

It is conceded by appellant that the Bradley patent is a disclosure of that part of appellant's claim which reads:

"Comprising a pair of side bars normally resting upon and over the side rails, and provided with a normally horizontal flexible flat bed fabric substantially coinciding with said axis and connected directly to the side bars, said rest when horizontally disposed constituting an active part of the bed bottom."

So the issue is narrowed to the remaining portion of his claim. This remaining portion has to do specifically with the details of the mechanism for elevating the tiltable back rest.

The Solicitor for the Patent Office divides this portion into two parts:

"1. * * * A shaft pivoted on a horizontal axis which is located a sufficient distance below the normal horizontal surface of the bed bottom to avoid contact with the fabric when the bed is occupied, arm means fixed to said shaft between the side rails, links connecting the end of the arm means with inner parts of the respective side bars in such position that the link clears the rail when the rest is horizontal."

And he insists this part of the claim is found in the patent to Smidt et al. where $E$ is the shaft, $e$ and $e$ the arm means and $d$ and $d$ the links.

"2. * * * An arm fixed to and depending from said shaft and manually operable means for rocking said shaft comprising a stationarily mounted rotary member slightly rockable on said frame, a screw and a nut fitting said screw, one of said two last-named elements being axially nonrotatable but horizontally pivoted to the lower end of the depending arm and the other being carried by the rotary member."

And he states that this is found in Miller where $r'$ is the arm, $T$ the stationarily mounted rotary member having at one end a screw, $s'$ is the nut fitting said screw, the nut being axially nonrotatable but horizontally pivoted to the lower end of the depending arm and the screw being carried by the rotary member $T$.

We have used substantially the exact words of the brief of Solicitor for the Commissioner of Patents, because they seem aptly to express the fact in a plain and easily understandable way.

Under these facts we do not see how it can be held that applicant presents a patentable claim. He insists that to utilize the cited features of Smidt et al. and Miller in combination with the applicable Bradley features, so as to meet his (appellant's) claim, it would be necessary to make changes and modifications sufficiently fundamental in character to constitute patentable invention, and we are cited to numerous authorities. Some emphasis is placed upon the fact, by way of argument, that the Smidt et al. and Miller patents, are both quite old, the first being dated March 28, 1876, and the second March 22, 1887. This is true, but we do not understand

that mere age is a factor entitled to be considered. They are not sufficiently old or unknown as to classify them among lost arts.

We have no doubt that applicant has produced a useful mechanism by his combination or aggregation and one which is a commercial success. We have examined the authorities quoted from and cited in appellant's brief, Line Material Co. v. Brady Electric Mfg. Co. (C. C. A.) 7 F.(2d) 48, 50; In re Glafcke, 51 App. D. C. 204, 277 F. 603, 605; In re McClaire, 57 App. D. C. 11, 16 F.(2d) 351; Columbus Watch Co. v. Robbins, 64 F. 384 (6 C. C. A.); Frick Co. v. Lindsay (C. C. A.) 27 F.(2d) 59, and others. We have also examined that cited in oral argument, Hailes v. Van Wormer, 20 Wall. 353, being 87 U. S., 22 L. Ed. 241.

We do not find in these, however, any doctrine which we think may properly be applied to the claim of applicant so as to grant the patent sought. It appears to the court that applicant has done no more than evolve a mechanism by combining features selected from prior art which produce no new result by their conjointed functions, and such improvements in appearance and operation as have been achieved by their combination is the result of mechanical skill and does not constitute invention.

The decision of the Assistant Commissioner of Patents is affirmed.

Affirmed.