34 C.C.P.A. (Patents)

**In re EMMEY et al.**
**Patent Appeal No. 5298.**

Court of Customs and Patent Appeals.
May 20, 1947.

Irving F. Goodfriend, of New York City (Paul A. Blair, of Washington, D. C., of counsel), for appellants.

W. W. Cochran, of Washington, D. C., (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

Appellants appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner finally rejecting all of the claims 3, 4 and 6 to 20, inclusive, of an application for a patent for "Improvements in Method of Identifying Goods and Identifying Label Used Therewith."

Claims 8 to 11, inclusive, are method claims. All of the other claims relate to articles of manufacture. Claims 3, 8 and 20 are illustrative of the subject matter of the application and read as follows:

"3. An article of manufacture comprising a film of synthetic resin for forming therefrom a plurality of identifying means, each such identifying means for affixation

at one surface thereof to the article to be thereby identified by impregnation of the said article thereby identified with the synthetic resin comprising the identifying means, said article of manufacture having marked at spaced intervals thereon at the other surface thereof the said identifying indicia.

"8. The method of identifying an article which includes forming a thermoplastic snythetic resin into a film thereof, forming from the film an identifying label, marking identifying indicia on the label on one surface thereof and securing the label at the other surface thereof to the article to be identified by impregnating the article with the resin by means of heat and pressure.

"20. The combination with an article of manufacture to be identified, said article having interstices, of an identifying label comprising a film of thermoplastic synthetic resin, normally non-adhesive in characteristic, affixed at one surface of the label under heat and pressure to the said article, said surface of the label having indicia marked thereon the resin comprising the label at the said surface impregnated in the interstices of the article to integrate it therewith."

The application relates to labels for textile materials, the method of making and applying such labels and the article having the label so applied. The labels are made by printing indicia on very thin thermoplastic film material with compatible ink. Compatible ink has a base made of the type of cellulose resin which characterizes the film. The indicia on the face of the label is temporarily covered with a protecting film, such as glassine paper, readily removable after the label has been applied.

In appellants' process a textile material has placed upon it the label of printed film material which is then pressed by a heated iron softening the thermoplastic film and causing it to permeate the interstices between the fibers and yarns of the material. The label thus becomes integral with the material and as permanent as the material itself.

The Primary Examiner rejected all of the claims as unpatentable over the following prior act:

Celanese Limited, (Brit.), 478,699, January 20, 1938; Mull et al., 2,139,377, December 6, 1938; Groff, 2,275,957, March 10, 1942.

The Mull et al. patent relates to a display unit comprising a display sheet carrying advertising matter or other indicia. Attached to the back of such sheet, which may be made of stiff paper, board, sheet metal, stiffened cloths, celluloid, resins or other like substances, is attached a coating of pressure sensitive adhesive. On the back of the adhesive coat a peelable cover strip of glassine, Holland cloth or the like is placed. The cover strip extends over the top of the device so that it may be easily grasped and peeled from the device. The unit is then pressed against any suitable supporting surface to which it adheres by reason of the pressure sensitive quality of the undercoating.

The Groff patent pertains to a method of forming thin sheets from vinyl resins and discloses a method of coating fibrous and cellular materials therewith. It is stated that an object of the invention is the production of a vinyl resin film at high calender speeds and to provide for a method of coating fibrous and cellular materials. The resin is said to show preferential adhesion to more porous papers, cork, cloth and like substances. Those materials, it is said, may be readily coated by placing on them the resin which is protected on its outer side with glassine paper and subjecting the assembly to heat and pressure after which, when cooled, the glassine may be readily stripped. The resin film adheres strongly to the surface of the material. It is further stated that printing may be inscribed on the resinous surface of the film, becoming so permanently set that it will not rub off. A greater impregnation of the coated article may be obtained by subjecting the coated article to a higher or longer continued heat. The fibrous or cellular materials when so coated are said to be impervious to grease, moisture and many organic solvents. The process of coating is claimed to increase the attractiveness and durability of advertising matter, such as labels, by giving them a protective finish with a high gloss.

The Celanese Limited patent relates to the production of labels made of fabric, felt, paper or like materials and discloses a method for attaching such labels so that they will adhere to textile or other similar substances or porous or semi-porous materials by having on the back face of the label filaments of yarns of thermoplastic derivatives of cellulose. Then by application of heat to the labels the cellulose becomes sufficiently softened to weld the label to the article.

The Primary Examiner rejected the article claims as unpatentable over the patent to Mull et al. in view of the Groff patent, stating that it would not involve invention to apply a sign card of the Mull et al. patent to a fabric as disclosed by the Groff patent or in making the card of the same kind of material described in that patent. He rejected the method claims 8 to 11, inclusive, as unpatentable over the Mull et al. patent in view of the Groff patent and the Celanese Limited patent, holding that it would not involve invention to attach a card of the Mull et al. patent to fabric by the method disclosed in the Celanese Limited patent.

Claim 12 was also held to be unpatentable as being indefinite and functional for the stated reason that in the opinion of the examiner the kind of resin used as an ink ingredient is not set out, but that the claim merely recites its function. Claims 12 and 13 were further rejected as being incomplete because they were held to recite only one ingredient of the ink to be used.

The Board of Appeals in its decision affirmed the grounds of rejection as set out by the examiner and stated that the disclosure of the Groff patent appeared to be sufficient in itself to anticipate appellants' claims.

■ Appellants in their reasons of appeal have assigned no error to the rejection by the examiner of claims 12 and 13 as ·being incomplete. That ground of rejection was not reversed by the board. Therefore, it must be held to have been affirmed by it and we must affirm such reason of rejection. In re Boyce, 144 F.2d 896, 32 C.C.P.A., Patents, 718.

There can be no question but that the appellants in conceiving the making of a label which becomes permanently affixed to the articles and irremovable without damage or impairment to them, and becoming an integral part of the articles, is a great improvement, so far as this record is concerned, over the former methods of labeling articles by sewing, bradding, sticking, or other known means. The film of resin upon which the identifying indicia is inscribed is the label itself which, upon application of heat and pressure, impregnates the interstices of the article to be identified and becomes an integral part thereof. The label cannot be removed from the article without defacing it for the reason that the resin is flowed into the interstices of the article itself and becomes part and parcel of it. The article and the label in effect become one thing.

In our opinion appellants in forming and integrating the label with the very substance of the article to be identified have realized a new, novel and useful concept. Apparently such concept has never heretofore been suggested or thought of. We do not think, after such concept was realized, that the use of known material, such as resin film, in the method of making the labels contradicts the principles by which invention is measured. Clearly appellants recognized a problem and thereafter solved it even though the means for its solution then became self-evident. In our opinion they accomplished a new, useful and unobvious result. In re Hoffmann, 95 F.2d 257, 25 C.C.P.A., Patents, 975; In re Bencker, 96 F.2d 326, 25 C.C.P.A., Patents, 1097; In re Deakins, 96 F.2d 845, 25 C.C.P.A., Patents, 1153.

The Mull et al. patent illustrates a removably attachable display unit. The adhesive agent is of the pressure sensitive character. The card is stiff and is always characterized by its separate unitary structure, whereas the label of appellants is flexible and becomes part of the fabric of the article sought to be identified. In our opinion that patent does not suggest in any way appellants' label, or the method used by them in applying it, or the article with which it has become integrated.

The board held it would appear to be obvious that the device of the Mull et al. patent might be formed of thermoplastic material which would adhere by heat rather than by pressure sensitive adhesive. But what the card of Mull et al. might be made of cannot be properly held to preclude invention unless such change would fall within the skill of the art. The advertising card of Mull et al. is not a label and would not be such even if made of thermoplastic resin. It is a sign card and not intended to be made from material designed to fill the interstices of the articles to which it is to be applied. We do not think it would be obvious to eliminate the pressure sensitive adhesive and substitute therefor one sensitive to heat. Of course in the light of the present disclosure such change in material could be thought of. We think, however, that the patent does not suggest a thermoplastic that would adhere by heat and become an integral part of the object to be identified as does the thermoplastic film of appellants.

Clearly the mere use of glassine or Holland cloth temporary protective covering disclosed in the Mull et al. and the Groff patents cannot of itself negative the exercise of the faculty of invention, which we hold appellants have shown. In the Mull et al. patent the covering is to protect against the sticky adhesive when the cards may be stacked together and the protective layer there must first be removed before the sign card is applied to its supporting article. The protective coating used by appellants remains until after the label has been integrated with the article and thus protects the label itself and its indicia against the heat and pressure by which it is applied.

It is true, as held by the board, that the Groff patent may suggest forming labels by printing on the surface of a thermoplastic film, but the Groff patent relates to a "method of forming thin sheets from vinyl resins" and to a "method of coating" materials. The examples given in that patent of the sheets of resin are all directed to their use in coating material such as magazine covers, labels, advertising matter and so forth. The patentee suggests the coating of conventional labels with his film, rather than making it of the film itself. The purpose of the Groff patent, as we understand it, is for the surface protection of different articles, including labels, against wearing, soiling and the like.

The articles disclosed in the Celanese Limited patent and the method of attaching them to goods to be identified are so far removed from the articles and method claimed here that we do not deem that patent to be of any significance as a reference either by itself or in connection with the other references. The labels of the patent are separate and distinct entities from the article to which they are attached, whereas the label of appellants is the adhesive itself and is not cemented to the article.

Viewing the cited art in its entirety, we are of opinion that none of it, singly or in combination, is sufficient to teach one skilled in the art the concept realized by appellants. They recognized and attacked a problem which they successfully solved. Appellants for the first time have made a label that not only becomes an integral part of the article, but also one in which the material from which it is made forms a protective covering for the indicia that are permanently fixed into and become part of the article itself.

For the reasons herein set out we are of opinion that the decision of the board with respect to claims 3, 4, 6 to 11, inclusive, and 14 to 20, inclusive, should be and the same is reversed and the decision affirming the rejection by the examiner of claims 12 and 13 for the reason hereinbefore set out is affirmed.