38 C.C.P.A. (Patents)

## In re BENDERSKY.

### No. 5755.

United States Court of Customs
and Patent Appeals.

Argued Jan. 12, 1951.

Decided March 6, 1951.

Morris Michael Marks, Philadelphia, Pa. (Joseph G. Denny, Jr., Philadelphia, Pa., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Associate Judges.

O'CONNELL, Judge.

The appeal in this case involves the validity of the action of the Board of Appeals of the United States Patent Office in affirming the rejection by the examiner of claims 32–39 in appellant's application for a patent on improvements in an adjustable hospital bed which may be converted into a reclining convalescent chair by the use of her invention. Two other claims, 18 and 40, were allowed.

Claims 34 to 39, inclusive, were rejected as indefinite and incomplete. The remainder of the appealed claims were rejected for lack of patentability over the following prior art of record:

Sebo 38,700 May 26, 1863; Warren 651,539 June 12, 1900; Bradley 1,218,519 Mar. 6, 1917; Mower (British) 112,238 Jan. 3, 1918.

Claims 32 and 34 are reproduced as illustrative:

"32. Means for converting into a reclining convalescent chair, an adjustable hospital bed having an inclinable back-and-head portion; said means comprising a mounting section on said bed, and an arm rest assembly comprising a bracket and an arm rest mounted thereon; said bracket comprising a cantilever portion and a mounting portion; retaining and releasing means for selectively rigidly supporting said mounting portion on said mounting section, and demounting said mounting portion therefrom; said retaining and releasing means being operable by a substantially vertical movement of said mounting portion; the arrangement of parts being such that when said mounting portion is rigidly supported on said mounting section, and said back-and-head portion is in inclined position, said cantilever portion will overlie said bed, and the rear of said arm rest will be substantially juxtaposed to said inclinable back-and-head portion.

"34. Means for converting into a reclining convalescent chair, an adjustable hospital bed having an adjustably inclinable back-and-head portion; said means comprising a mounting section on said bed, and an arm rest assembly comprising a bracket and an arm rest mounted thereon; said bracket comprising a cantilever portion and a mounting portion; devices for selectively rigidly supporting said mounting portion on said mounting section, and demounting said mounting portion from said mounting section, said devices being operable by a movement other than rotation of at least a portion thereof for more than 360° about the vertical axis of said mounting portion; and means for selectively positioning said bracket longitudinally along said bed operably to position the rear end of said arm rest in substantially juxtaposed relation to said reclinable back-and-head portions in various inclinations of said back and head portions."

There is no dispute here that, as established by the respective affidavits of record of Dr. Jacob Goeller and Dr. Charles D. Rosen, appellant's claimed device is a boon to the invalid. That invention and what it has achieved is thus described in the brief of her counsel:

"Applicant's invention is a conversion means for transforming the *standard hospital bed* into a *reclining convalescent chair* and for *as readily retransforming it* to a hospital bed. This conversion means consists of a mounting section which is secured to the bed rail in proximity to the inclinable back-and-head portion of the bed, a removable arm rest mountable on the mounting section and projecting over the bed, with the rear of the rest juxtaposed to the inclined back-and-head portion, and means for disposing the removable arm rest in an out-of-the-way position when not in use.

"In the operation of applicant's invention, the back-and-head portion of the bed is raised to an inclined position, the arm rest is inserted in the mounting section

with the rest extending over the bed and with its rear juxtaposed to the back-and-head portion. The patient is now provided, particularly when such arm rests are used on both sides of the bed, with *all* of the elements of a reclining convalescent chair, and may ambulate freely, raise himself for the insertion or removal of a bed pan, eat comfortably, support himself properly in the process of elimination, and otherwise render himself comfortable during his convalescence,—*all without having to be removed from the bed*. Then, when it is desired that he lie back in bed, or if the physician, nurse or orderly wish to have freer access to his body, the arm rest need merely be *lifted out* of the mounting section and disposed on the self-same mounting section in an out-of-the-way position beneath the bed. Thus, no time is lost, and the use of such conversion means is rendered practical in hospitals wherein time of the physicians and attendants is a prime factor." (Italics quoted.)

Appellant contends in effect that the concept of the claimed combination never has been heretofore suggested or thought of; that not only do the references utterly fail to disclose appellant's invention, but it would not be possible to construct appellant's device from the specific elements taught by the references; and that the conception of a structure such as is defined here by the appealed claims constitutes invention, even though the assembling of the various elements thereof may involve, after such conception, little more than mechanical skill.[1]

The Solicitor for the Patent Office concedes in his brief the existence of patentable invention defined by the allowed claims 18 and 40. He contends, however, that the record presented definitely establishes that the appealed claims define only a combination of elements, or the assembly of desirable features, all old in the prior art, and that no invention or inventive concept whatever was involved in the combining of the elements disclosed or suggested by the references, individually and collectively.

The patent to Sebo relates to "Improvements in Bedstead Chamber-Chairs" for use in hospitals. A bedstead frame and two adjustable rests are there "cushioned and attached to the sides of the bedstead, for the invalid to rest his arms on." An inclined chair back or rest is there disclosed operating on a joint or pivot attached to the head-posts, which may be raised or lowered by an ordinary crank, rope and pulley. An adjustable cushioned seat under an aperture, arranged and operated by a windlass, for the purpose of inserting a chamber pot when required or for withdrawing it, is claimed.

Appellant's challenge that the patent to Sebo is invalid as a "paper patent" which "has existed for 87 years" is without merit. R.S. 4886, 35 U.S.C.A. § 31, explicitly provides that no patent shall be granted for an invention or discovery, such as Sebo disclosed, which had been patented or described in a printed publication in this or any foreign county more than one year before the actual filing of the application in this country.

The patent to Warren relates to an improvement in desk arm rests, adjustably attached to the desk, as a support for the arm of a bookkeeper or writer. The arm rest is adjustably mounted beneath the desk with a slide so that the rest may be moved along to any desired point where it may be needed.

The patent to Bradley relates to improvements in bed frames for hospital use, some of which improvements are adjustably or permanently attached to the side rails of the bed frame. The adjustable portion of the frame may be apertured for the use of a bed pan. A reproduced perspective of the bed frame, made in the drawings in accordance with the invention of Bradley, is strikingly similar to the means claimed here for effectively converting an adjustable hospital bed into a reclining convalescent chair or bed having a reclinable back portion. That was the primary purpose for which the patent to Bradley was cited by the tribunals of the

1. In re Emmey, 161 F.2d 754, 34 C.C.P.A., Patents, 1097; In re Holt, 162 F.2d 472, 34 C.C.P.A., Patents, 1129.

Patent Office, although the reference was previously involved before this court in a somewhat similar role more than twenty years ago.[2]

The British patent to Moyer was granted for improvements for adjustable surgical supporting devices "for supporting a leg or other limb of a patient during dressing and other operations" when performed on either a hospital bed or operating table. The device of Moyer may be mounted on a bed rail in any adjustable position along the ordinary frame to support the leg or arm in any desired position or at any angle. A vertical post supports a horizontal arm.

The fact that it may not be possible, as appellant contends, to construct an operative combination for appellant's purpose from the specific elements or features disclosed by the references does not disqualify any of the respective patents as a valid reference. The question is whether, in view of the prior art, the faculty of invention was exercised in the uniting of the structure defined by the appealed claims.[3]

We find no error in the concurrent holdings of the tribunals of the Patent Office that the appealed claims, other than claims 34 and 35, were unpatentable over the disclosure of the cited art of record.[4]

Claims 34 and 35 call for certain modifications of appellant's invention "being operable by a movement other than rotation of at least a portion thereof for more than 360° about the vertical axis of said mounting portion." There seems to be no language in the specification to support this limitation of the claims, nor is it otherwise clear what movement is thus required by the clause in question or what its effect might be.

The mere statement of a function cannot be relied upon as a substitute for the disclosure of specific structure required by the statute. An inventor may be the author of an important invention or discovery, but before a patent will be granted therefor, he must file an application in the Patent Office consisting of two dependent parts: a specification and a claim or claims all of which when read together will enable any person skilled in the art to practice the invention and enable the inventor and other inventors to avoid infringement.[5] Where that requirement is absent, as here, there is no rule by which the doctrine of In re Hunter [6] or Charles Peckat Mfg. Co. v. Jacobs [7] upon which appellant relies may be applied.

The suggestion in appellant's brief, that a cue may be found in the various figures of the drawings as to the meaning of the involved limitation of claims 34 and 35, is not deemed sufficient. An inventor in his description under R.S. 4886 must do something more than give a cue for future experiment.[8]

In view of the conclusion hereinbefore expressed, it is deemed no useful purpose would be served in discussing further points argued by counsel for appellant and the Solicitor for the Patent Office. The decision of the Board of Appeals is accordingly affirmed.

Affirmed.

2. In re Bayer, 35 F.2d 66, 17 C.C.P.A., Patents, 614.

3. In re Landrock, 174 F.2d 325, 36 C.C. P.A., Patents, 1090; In re Stover, 146 F.2d 299, 32 C.C.P.A., Patents, 823; In re Kuhn, 150 F.2d 145, 32 C.C.P.A., Patents 1110.

4. See Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 152, 71 S.Ct. 127.

5. United Carbon Co. v. Binney & Smith Co., 317 U.S. 228, 63 S.Ct. 165, 87 L.Ed. 232; Graver Mfg. Co. v. Linde Air Products Co., 336 U.S. 271, 69 S.Ct. 535, 93 L.Ed. 672.

6. In re Hunter, 166 F.2d 189, 35 C.C. P.A., Patents, 931.

7. Charles Peckat Mfg. Co. v. Jacobs, 7 Cir., 178 F.2d 794.

8. H. Ward Leonard, Inc., v. Maxwell Motor Sales Corp., 2 Cir., 252 F. 584, 588.